## SUPREME COURT.

### CORWIN agt. FREELAND AND OTHERS.

An *execution* must follow the judgment and be *warranted by it*.

An *order of arrest* before judgment, under § 179 of the Code, is in no case a justification, or evidence of a justification, for an arrest on *final execution*. (*This agrees with the decision in Gridley agt. McCumber*, 5 *How. Pr. R.* 414, *and overrules the decision in Cheney agt. Garbutt, id.* 467.)

Where the cause of arrest exists at the time of drawing the complaint, it should be stated in the complaint.

Where the plaintiff has failed to state the cause of arrest in his complaint, in an action on contract, and is afterwards prosecuted for an arrest on the execution (or false imprisonment), he must allege and prove the facts, which entitled him to make the arrest, and can not rely on a judge's order made before judgment.

A plaintiff may omit to arrest a defendant before judgment, but may afterwards arrest him on final process, provided it be a case where he might lawfully have arrested him, before judgment, on a judge's order.

The *causes* of arrest enumerated in subdivisions 1, 2 and 4 (§ 179), must of necessity exist at the time of the action. The causes mentioned in the 3d subdivision may be ascertained sufficiently and inserted in the complaint. Those in subdivision 5, may exist at the commencement of the suit; but if they occur after action and complaint, the plaintiff has ample remedy under the law of 1831, to abolish imprisonment for debt (2 *R. S.* 3d ed. 107, § 4, 5, 6, 7, 8. 9).

*May General Term,* 1851. MASON, MONSON and SHANKLAND, *Justices.* This was an action for false imprisonment, brought by the plaintiff, a merchant of Ithaca, Tompkins co., against the defendants, who are merchants residing in the city of New York, and was tried at the Tompkins circuit in December 1850, without a jury, and a judgment rendered for the plaintiff, from which the defendants appealed to the general term. The answer stated that the present defendants commenced an action against the present plaintiff on the 8th day of April 1850, to recover the price of a bill of goods sold to defendant by them; that on the 9th of April an order for his arrest was obtained upon an affidavit alleging fraud by the present plaintiff in the purchase of said goods; that Corwin was arrested on said order; that the complaint contained no allegation of fraud in said purchase; that Corwin gave bail,

judgment was obtained, and execution issued against his person (after an execution against his property was returned unsatisfied) and he arrested thereon, and imprisoned; and that this was the cause of action complained of; that no affidavit of fraud, nor order for Corwin's arrest, was annexed to the judgment roll in the cause, but after the arrest and imprisonment, on said execution, the plaintiffs in that suit obtained leave of the court to annex said order to the roll, and the same was done *nunc pro tunc.*

A. DANA, *for Appellants.*

S. B. CUSHING, *for Respondent.*

By the Court, SHANKLAND, Justice.—The question presented for adjudication, in this cause, is one of vast practical importance, and well deserves the consideration of this court.

It is no less a question than whether a citizen can be deprived of his *reputation* and *liberty*, without a trial. If the Code authorizes such a procedure the legislature should know it, and correct the evil. The defendants contend that sections 178, 179, 180, 181, 182, 183 and 288, have altered the practice fundamentally from the old system; and that it is no longer necessary that the execution *should follow the judgment, and be warranted by it,* but that the whole question of arrest and bail, and imprisonment on execution is to be settled by *affidavit on motion to the court,* irrespective of the allegations of the complaint; or in other words, that the plaintiff may declare on *promises simply,* without alleging that the money was *fraudulently misapplied by a public officer,* or that the defendant was *guilty of fraud* in contracting the debt sued for, and may then get an order for the defendant's arrest, on affidavit; and then if he finally succeeds in getting judgment on his complaint, he may issue execution against the defendant's person, on the strength of the judge's order; and that the only mode the defendant has, to meet the question of fraud, &c. is by motion to vacate the order of arrest, under sections 204 and 205.

A careful consideration of the subject has satisfied me that this is a superficial and erroneous doctrine, at war with the whole

spirit of our laws, and of the Code itself, as the following considerations will tend to prove:

*First.* By the old system of practice, the pleadings and judgment, as contained in the record itself, governed and controlled the execution which issued thereon; and the codifiers have no where informed us that they intended to alter the rule.

*Second.* The causes for which arrests may be made, enumerated in section 179, and its subdivions, *may* and most of them *must* exist prior to drawing the complaint; and in most of them, the very facts which authorize arrests, must of necessity be set forth in the complaint in order to constitute a good cause of action.

*Third.* The *gist* of the complaint, in the cases of arrest, is the fraud or wrong of the defendant, either perpetrated or attempted to be. This is the *feature* in the case, which gives the now extraordinary remedy of imprisonment.

*Fourth.* And it is in consequence of the plaintiff's asking for an arrest, that he is required to give an undertaking by section 182, conditioned, that if the defendant recovers judgment, the plaintiff will pay all costs, and all damages by reason of the arrest. Now the object of this is to indemnify the defendant against the costs of the suit, and damages of the arrest. But if the plaintiff may complain for a debt simply, and omit in his complaint an allegation that the debt was fraudulently contracted, he may of course *omit* proof on that subject, and obtain judgment on proof of indebtedness only, and thereby save the condition of his undertaking, however unjust and unfounded the order of arrest may have been; for we have seen that the plaintiff's bond is only, *that if the defendant recover judgment,* the plaintiff will pay costs, &c. The object of this section demonstrates that if the codifiers meant any thing in particular, it was that if the plaintiff failed to establish the allegation of fraud on the trial, he should fail in a recovery of judgment, and should pay the costs and damages for the unjust arrest.

*Fifth.* If no allegation of fraud, or other fact, upon which the right to imprisonment depends, is necessary in the complaint, the defendant has no opportunity of taking issue upon its truth; no

opportunity of disproving it; no trial by jury; nor right of cross-examination of witnesses. Therefore, although fraud is a crime, involving moral turpitude; and as such is punished by imprisonment, not merely to enforce payment, but also as *punishment*, even if the defendant is unable to pay, yet the defendant's liberty and character are sacrificed, by the *ex parte* order of a judge at chambers, founded on the *ex parte* affidavit of the plaintiff; an order which it is contended reaches not only *to*, but *beyond* the judgment, and dictates the character of the ultimate process which must issue on that judgment. Wise legislators could not consistently be sedulous to secure the *reality of a trial* on the simple question of *indebtedness*, and *deny* even the *semblance* of one, on the far more important question of *fraud* which is involved in the same action, and on which are *periled* the *reputation* and *liberty* of the defendant.

*Sixth.* But the 288th section of the Code, is wholly inconsistent with the doctrine, that the *ca. sa.* is founded upon the order; because, if the record of judgment shows that the case is one for arrest within the 179th section, an execution against the person, may issue of course.

" If the *action* be one in *which the defendant might have been arrested*, as provided in section 179 and section 181, an execution against the person of the judgment debtor may be issued," &c. The test is, not, *if an order for an arrest has been made before judgment*, but if the *action* be such an one, as the defendant *might have been arrested on*. But how shall it be made to appear that the action is such an one, as the defendant might have been arrested on? I answer, only by reference to the pleadings and judgment. The order of arrest forms no part of that record, because it does not involve the merits and necessarily affect the judgment. It is a mere provisional and temporary order, and only covers the period between the date of it and the final judgment. Only such orders as may be reviewed by the appellate court after final judgment, can form a part of the record (§ 328, 281).

*Seventh.* Any other construction of the 288th section, would

lead to the following absurdities: The plaintiff may omit allegations of fraud, in his complaint, and after he has obtained judgment, issue execution against the body, and try the question whether the action was within the 179th section by affidavit on a motion for the defendant's discharge, or in an action against him for false imprisonment; or else he *must obtain* an order of arrest before judgment, *in all cases*, or lose the remedy by personal execution, as seems to have been held in Squire vs. Flynn (2 *Code Rep.* 117). But it seems quite evident that the object of the Code was not to *oblige* the plaintiff to arrest the defendant in all, or any of the cases, before judgment, or forego the right to imprison him on execution. If he chooses to await the final result of a trial on his complaint, containing a proper development of the action, and showing it to be for one of the cases enumerated in section 179, he may do so without an order of arrest, without giving an undertaking, and without hazarding his ultimate remedy. This view of the subject corresponds with the language of the 288th section, above quoted, and makes the *right to arrest*, the *test*, and not the *exercise of that right ;* and the form of the complaint and judgment, is the only legitimate evidence of the. *right*, after judgment.

*Eighth.* The defendant's right to imprison the plaintiff for costs, depends upon the question of the plaintiff's right to have imprisoned him, in case the judgment had been for the plaintiff. Suppose the plaintiff's action is for damages for converting personal property, and the defendant has not been arrested before judgment on a judge's order; will it be contended that if the defendant succeeds, he can not issue a *ca. sa*? Or, if an attorney is sued on the money counts only, for money which it is claimed he received as attorney and refused to pay over to his client, but the defendant succeeds; will the court authorize an execution against the person of the plaintiff for the costs? The rights of each party to an execution against the body of the other, are made reciprocal, by section 288; and the causes set forth in the complaint, should be the only test in every case.

*Ninth.* The subject of *arrest and bail*, are classed under the

Corwin agt. Freeland and others.

head of " Provisional Remedies," which *ex vi termini*, means " temporary" or, " measures taken for security," and in this connexion means a temporary arrest, so that if the final result shows the defendant to be guilty of the matters charged, he may be imprisoned. In this respect, it is similar to the temporary injunctions, issued for security, during the litigation; and as well might it be claimed that it had the force and perpetuity of a perpetual injunction, as that an order for a temporary arrest had the enduring force now claimed for it.

*Tenth.* The character of the questions heretofore tried on affidavits, and the well known practice on motions to vacate orders for arrest, forbid the presumption that the legislature would *force* on defendants that mode of trial, where so much was at stake. Only mere questions of practice in the orderly conduct of suits, including motions to get rid of temporary arrests, have been settled in this mode. And where the affidavit to hold to bail, or to arrest, is *positive*, the motion to vacate is denied; although the defendant positively denies the cause of arrest. This is still the practice, under our Code, as was held by Mr. Justice WILLARD, in Martin vs. Vanderlip ( 3 *Howard*, 265–9), and in other reported cases. Can it be supposed that the learned justice, in thus affirming and applying the rule to cases of arrest under the Code, would have thus done, if he had been of the opinion that his decision of such a motion, was to decide the ultimate right to imprison the defendant, on final process? I presume not. But if the appellant's position on this question is correct, then, as the justice in that case remarks, " a different practice would be attended with great inconvenience. It would lead to the *trial of every cause in which the defendant can be arrested, upon the merits on affidavits,* and would be holding out great encouragements to defendants to commit perjury in relief of themselves from special bail." But if such would be the consequence of receiving conflicting affidavits, on the question of a temporary arrest, how much greater the war of affidavits, and the inconvenience, when it comes to be known, that not only a temporary, but an interminable imprisonment, is to be the consequence?

*Eleventh.* If the only mode of vacating an order of arrest, which was to prove effectual after judgment, is that afforded by sections 204 and 205, it seems that the law would have allowed more time for the motion, and would have prescribed a different mode, by allowing the defendant the last affidavit, so as to explain any new matter set up by the plaintiff's affidavit. But the codifiers had no such consequences in view, as is now claimed by the appellants, and they accordingly adopted the old practice, substantially, on the subject of vacating orders of arrest and mitigating bail.

The main arguments urged in support of the appellant's views, were that some of the causes for arrest under section 179, might occur after the commencement of the action, and could not be included in the complaint; and also, that, as section 183 permits the order to be made at the commencement of the suit, or any time afterwards, before judgment, it is inferred that the order of arrest may be made for *causes* occurring at any time after the suit commenced. But it is answered, that all the causes of action sued on, must have occurred before suit brought, and the right to arrest must exist at the commencement of the suit or not at all. None of the causes of arrest are such as could not exist before suit brought; for instance take the strongest case put, under the 3d subdivision;

" In an action to recover the *possession* of personal property, unjustly detained, where the property or any part thereof, has been concealed, removed or disposed of, so that it can not be found or taken by the sheriff." The Code does not require an actual trial by the sheriff to find the property as a test of the fact of its being concealed, removed, or disposed of. The fact can be proved in any other manner; and the fact of its removal, &c. may be inserted in the complaint, and proved on the trial; or, if the object be to get an order of arrest, it can be shown by affidavit; or, *perhaps*, if the plaintiff claims an immediate delivery of the property, under sections 206, 207 and 208, when he commences his suit, and the sheriff can not find it, he may insert that fact in his complaint, which would be drawn up afterwards. If the defendant has shipped the property to foreign parts, as oc-

curred in Van Neste agt. Conover (5 *Howard*, 148), the fact may be ascertained, as well before action as afterwards, and be so alleged in the complaint. The causes of arrest enumerated in subdivisions one, two and four, must, of necessity, exist at the time of the action. The causes mentioned in the fifth subdivion may exist at the commencement of the suit. The offence there is, the *intent to defraud creditors generally*, by the removal or disposal of property, or being about to do so. This offence is committed where the defendant, in anticipation of actions, has removed it from the state, or is about to do so; or by selling it to a fraudulent purchaser, as a cover. If the plaintiff can prove the fact, he may allege it in his complaint, hold the defendant to bail, and have execution against his person. If the offence occurs, after action and complaint, the plaintiff has ample remedy under the law of 1831, to abolish imprisonment for debt (2 *R. S.* 3*d ed.* 107, § 4, 5, 6, 7, 8, 9). In proceedings under that act, the defendant has the advantage of a full trial on oral testimony.

Subdivisions 4 and 5, are not found in the old Code, and in the new, were borrowed from the act to abolish imprisonment for debt.

In the old Code, the words, " in an action," &c. is used in every case, in § 154; but in the additional cases in the new Code (§ 179, subds. 4 and 5), the language is changed to " where the defendant," &c. In both codes, the language of the section is the same, and refers back to the *actions* in which arrests may be made. Now, did not the codifiers mean to confine the execution against the person, to the three first subdivisions of the 179th section, the same as in the old Code? At all events, it is a legitimate inference, that if, by the old Code, the causes of arrest must have existed at the commencement of the suit, and must have been developed in the complaint, in order to warrant execution against the person, then the new Code did not intend to change the practice in so important a particular, by the additional causes of arrest contained in the new Code.

Finally, whatever doubts may exist on this question, of one thing there can not be a doubt, that the practice contended for

by the appellant, is at war with all former experience in this country and in England; is exceedingly dangerous in its tendencies, would lead to cases of great hardship and oppression on defendants, and would result in the trial of most important interests, involving character and liberty, by the most unsatisfactory mode of eliciting truth.

Whereas, the other mode of practice is analogical, and preserves the rights of all parties. The plaintiff sets forth in his complaint the cause, or causes, which entitle him to arrest the defendant, and to the execution against his person. If he desires to have the defendant arrested at any time before judgment, he can do so, by making the required proof, or if he chooses not to do so, he can safely omit it, without the loss of his remedy by final process, because, within the language of section 288, *he might have arrested him.* The defendant's rights are also protected. He is informed by the complaint, of the peril he is in. He can meet the charge by his answer, and by evidence on the trial; and if the plaintiff has given the undertaking required on arrest, the defendant has the benefit of the condition of that instrument, if judgment is rendered in his favor. He gets the costs of the action, if the plaintiff fails to substantiate the charge of fraud in contracting the debt, or whatever the case may be; and, finally, he has a right to imprison the plaintiff for the costs, if the record shows the case to be one of those where *he* could have been imprisoned, if the plaintiff had succeeded.

If the plaintiff makes a charge of fraud against the defendant, for the sake of the remedy, he should be beat, if it is untrue; and the practice should not be sanctioned, which would allow him to declare for a *simple debt,* and then arrest for a *pretended fraud,* and if the defendant gets discharged from the arrest, on motion, then take judgment for his debt, and escape costs, and all responsibility on his undertaking, as he could do, by that mode of practice.

The practice of the English courts, under the 1 and 2 Vict. ch. 110, ought not, and can not be adopted here, because *there,* imprisonment on final process, issued on judgments, *exists in all*

*cases ;* and the provisional arrangements made by that statute, for arrest and bail, on mesne process, can at most work a temporary injury; because, whether the defendant be arrested or not, on mesne process, he is liable to be so, on the final execution. And although our codifiers have, on the subject of the commencement of suits, and arrest and bail, taken the English statute as a pattern in some important particulars, it must be remembered that the effect of an arrest by a judge's order and capias, under the English act, extends *not after judgment.*

The right there to imprison, after judgment, is by virtue of the general law of the land, and extends to all judgments; whereas, here, the rule is the other way, and the right to imprison is limited to a few specified cases. Hence, if the right to imprison on final execution, here, is co-extensive with the cases of actual arrest on a judge's order, and there is no way to get rid of such arrest, or to try the fact of fraud, &c. except by *affidavit* before the judge, it gives to the order the effect of a final judgment on the question of imprisonment. If the words of our Code, can bear this construction, it clearly could not have been the intention of the legislature, and this court should by judicial construction, restrain the operation of the statute within proper limits.

By the English statute above mentioned, all actions are commenced by writ of summons only, and no arrest of the defendant can be made on it; but if the plaintiff at any time before final judgment, proves to a judge by affidavit, that he has a cause of action against the defendant for twenty pounds, or upwards, and that there is probable cause to believe that the defendant is about to quit England unless he is forthwith apprehended, the judge may order the defendant to be held to bail, for such sum as the judge shall see fit; and thereupon the plaintiff may, within the time expressed in the order, sue out one or more writs of capias, for the defendant's arrest.

Our Code adopts the summons as the mode of commencing the suit, and the judge's order for arrest, but dispenses with the capias; it likewise allows the order of arrest to be made at any

time, before final judgment. But in England, the only cause of arrest is that the defendant is about to quit England, and the debt is over twenty pounds. I have already shown that this order of arrest in England, does not in any manner affect or control the character of the execution which is to issue.

But if the judge's order of arrest is to operate beyond the judgment, under our act, then there must be some common law mode of trial of the truth of the allegation on which it is claimed the defendant can be arrested; and this may be as well by action of false imprisonment, wherein the defendant must set up in his answer the facts on which he claims the plaintiff was lawfully arrested on the execution in the former suit. By the 288th section, the plaintiff is limited in his right to arrest, to such cases only as the defendant *might have been arrested* in, by § 279 and 281.

The Code does not say, nor mean to say, that the order of arrest, made before judgment, shall be the test, or any evidence of the right to arrest on the execution, and the right and liberty of defendants forbids any such construction in favor of arrests. At least give the Code such a construction as will allow the defendant who has been imprisoned on execution, the opportunity of trying the truth of the charges in some mode besides on affidavit and motion. That mode of trial will do where the arrest is temporary, and for the purpose of bail to the action, and should be confined to that. In the Code reported to the legislature in 1850, the codifiers in § 834, retain the language of the 288th section of the present Code, so far as the first three subdivisions of the 179th section is involved, but change it as to the 4th and 5th, by saying that " an execution against the person may likewise be issued after such return, in the cases mentioned in the 4th and 5th subdivisions, *where the defendant has been provisionally arrested in the action, and the order for his arrest has not been vacated,* or upon an order of arrest obtained in the same manner as for a provisional arrest. This change in the phraseology of the section, shows that the codifiers intended, in the present Code, that the cause of arrest should appear in the complaint,

Corwin agt. Freeland and others.

when it was within the first three subdivisions, or that the question of the truth of those causes of arrest, must depend upon the result of a trial for false imprisonment.   The change in the last clause proves also that they did not intend that the fact of arrest and bail before judgment, should be evidence on which to issue the execution after judgment, in the first three subdivisions of the proposed Code, or in any of the subdivisions of the present Code. The words, " *might have been arrested,*" can not be, and ought not to be construed to mean, " *shall have been arrested,*" when the effect of such construction will be to *construe* a defendant out of his liberty or a trial of the question, whether *he* " *might have been arrested" rightfully.*

An additional reason why the order of arrest, made before judgment, should not have any bearing on the nature of the final process, may be found in the fact that the proceedings for arrest and bail, are altogether *collateral to the summons and other proceedings in the suit ;* and the latter are not in any manner dependent upon the former.   It has been so decided by the English courts in proceedings for arrest and bail, under 1 and 2 Vict. chap. 110, § 3 (Vizetelly vs Wickof, 9 *Jur.* 453 *in Exch.*).

Now, as the said proceedings for arrest and bail, are not a proceeding in the suit, but collateral thereto, how can the order of arrest be allowed to affect the final judgment, or process, to issue thereon?

But if the order of arrest is a part of the final judgment, and warrants the issuing of a *ca. sa.* then I hold it should have been attached to the final judgment and made a part thereof, as directed by subdivision two of section 281; and until it was so done, the execution issued in this case was not warranted by the record, and affords no justification to the defendants.   The filing it, *nunc pro tunc,* under a judge's order after the defendant had been arrested and discharged, could not cure the evil.

I am, therefore, of opinion, 1st, that where the cause of arrest exists at the time of drawing the complaint, that cause should be stated therein.

2. That the order of arrest before judgment, is in no case a

justification, nor evidence of a justification, for an arrest on *final execution*.

3. That where the plaintiff has failed to state the cause for arrest, in his complaint, in an action on contract, and is afterwards prosecuted for an arrest on the execution, he must allege and prove the facts which entitled him to make the arrest, and can not rely on a judge's order made before judgment.

4. That the plaintiff may omit to arrest a defendant before judgment, but may then arrest him on final process, provided it be a case where he might lawfully have arrested him, before judgment, on a judge's order.

5. That the defendants' answer does not set up a good defence in this action, because it *admits* no allegation of fraud was inserted in their complaint in the former cause, and it does not allege, or pretend, that the debt on which said suit was brought, was in fact fraudulently contracted.

6. But if it shall be held that the order of arrest is part of the judgment, and justifies the execution, then I hold it was not so in this case, because not annexed to the judgment.

The execution being void, it was unnecessary to have it set aside in order to sustain this action (1 *Cow. R.* 734-5; 3 *J. R.* 523; 5 *Hill R.* 244).