## DAVIS *v.* ROBINSON.

An execution must be warranted by the judgment. If it exceeds the judgment, it has no validity.

To authorize an arrest of the defendant upon execution issued upon a judgment recovered in an action upon contract, the fraud for which the arrest is sought must be alleged in the complaint, and be passed upon by the jury, and be stated in the judgment.

The arrest upon affidavit is only intended to secure the presence of the defendant until final judgment.

When the circumstances authorizing an arrest, occur subsequently to the filing of the complaint, application should be made to the Court either to amend the original or to file a supplemental complaint, so as to set forth the facts upon which execution against the person of the defendant will be asked in the enforcement of the judgment sought.

A special finding, on the question of fraud, should be always taken so as to keep it as distinct as possible from the main subject of controversy.

APPEAL from the District Court of the Fourteenth Judicial District, County of Nevada.

This is an action upon a promissory note. The complaint is in the usual form, alleging the execution of the note, its maturity, and non-payment, and demanding judgment for its amount. On the commencement of the action, the defendant was arrested upon charges made in an affidavit of the plaintiff, that he (the defendant) was about to depart from the State with intent to defraud his creditors, and had disposed of his property, with the like intent. The defendant answered the complaint, admitting the execution of the note, and its non-payment, and met the charges against him by a direct denial in a counter-affidavit. Upon the issue thus found upon the affidavits, the Court investigated the charges, without the intervention of a jury, which was expressly waived by the parties, and found against the defendant upon the charge of a fraudulent disposition of his property, and ordered judgment for the plaintiff for the amount demanded in the complaint, and that the plaintiff have execution against the body of the defendant, and that said defendant be committed to the custody of the sheriff of Nevada county, there to remain until he be legally discharged. From the judgment thereupon entered, the defendant appealed.

*H. Meredith* for Appellant.

*F. J. Dunn* for Respondent.

FIELD, J., after stating the facts of the case, delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.

There is no doubt as to the correctness of the position that the

execution must be warranted by the judgment. It rests upon and must follow the judgment; if it exceeds the judgment, it has no validity. To authorize, therefore, an arrest on execution, the fraud must be stated in the judgment, for the writ issues in the language of the statute in the "enforcement" of the "judgment."

Nor do we entertain any doubt that the question of fraud must be submitted to the jury, except so far as may be necessary to authorize the arrest pending the action. To justify execution against the person, which may be followed by imprisonment, an issue must be framed, and be determined like issues of fact raised upon the pleadings. Fraud is an offence involving moral turpitude, and is followed by imprisonment not merely as a means of enforcing payment, but also as a punishment, and it would indeed be strange if on a mere queestion of indebtedness the right to a trial by a jury should be held sacred and inviolate, and yet such trial be denied upon a question involving a possible loss of character and liberty. We should hesitate long before we held that this latter question could be tried upon affidavits where the accuser is also witness, where the affiants are not present, and no cross-examination of witnesses is allowed. We are aware of decisions in other States holding a different view, but we do not find sufficient reasons advanced in them to induce us to deny what we can not but regard as the clear right of the party accused. (Corwin *v.* Freeland, 6 How. Prac., 241.)

To authorize a judgment convicting the defendant of fraud, the facts upon which the charge is based must be specifically alleged in the complaint. A judgment is the determination of the rights of the parties upon the facts pleaded, and it can not in any event exceed the relief warranted by the case stated in the complaint. Execution against the person, unlike an execution against the property of the defendant, which follows, as a matter of course, upon a money-judgment, can only issue upon direction of the Court to that effect, based upon the special facts found, and such facts can not be considered by the jury unless averred in the pleadings. Side issues upon affidavits are not the issues upon which juries pass. The arrest upon affidavit is only intended to secure the presence of the defendant until final judgment; and in order to detain and imprison his person afterwards, the fraud must be alleged in the complaint, be passed upon by the jury, and be stated in the judgment.

In nearly every case in which an arrest is allowed by the statute, the facts authorizing the arrest also constitute the cause of the action, and, of course, must necessarily be stated in the complaint. In the few instances where the circumstances authorizing an arrest occur subsequently to the filing of the complaint, application should be made to the Court either to amend the original, or to file a supplemental complaint, so as to set

forth the facts upon which execution against the person of the defendant will be asked in the enforcement of the judgment sought.    By requiring the charges to be stated in the complaint, the rights of the defendant will be fully guarded.    He can then meet the charges, and have a fair opportunity of defending himself by a trial before the jury.

There may be some inconvenience in blending, on the same trial, a question of indebtedness and a question of fraud, but we perceive no way of avoiding this and giving full protection to the defendant.    A special finding on the question of fraud should be always taken, so as to keep it as distinct as possible from the main subject of controversy.

It follows, that the judgment appealed from, so far as it finds against the defendant upon the charge of a fraudulent disposition of his property and awards execution against his person, must be reversed.    Ordered accordingly.