## ADRIANCE, PLATT & CO., a Corporation,
### *v.*
## HEISKELL.

### PRACTICE ; FIERI FACIAS ; COSTS, TAXATION OF.

1. Where in an attachment suit, judgment of condemnation and judgment against the defendant for the amount claimed are rendered the same day, and in issuing a *fi. fa.* on the judgment the clerk includes in the costs recited therein the costs of the attachment, the fact that the attachment is subsequently quashed and the judgment of condemnation vacated on motion of the defendant, will not justify the lower court in vacating the *fi. fa.* on the ground that the attachment costs recited therein become an erroneous charge against the defendant after the quashing of the writ of attachment.

2. In such a case, the costs may be retaxed, on motion, if erroneous, without disturbing the *fi. fa.* or any lien acquired by it.

3. The general writ of *fi. fa.* is a proper one in such a case where there is both a personal judgment and a judgment of condemnation.

4. And in such a case, where there has been a seizure by the marshal under the judgment of condemnation, it would *seem* that he might levy on such property by virtue of the *fi. fa.* issued on the personal judgment.

No. 538.   Submitted March 5, 1896.   Decided March 17, 1896.

HEARING on an appeal by the plaintiff from an order vacating a writ of *fi. fa.* on a judgment.   *Reversed.*

The COURT in its opinion stated the case as follows:

This is an appeal from an order passed by the Supreme Court of the District of Columbia, quashing a writ of *fieri facias* issued upon a judgment.

The appellant, Adriance, Platt & Co., although apparently a partnership, is in fact a corporation under the laws of the State of New York, and instituted the present suit against the appellee, Peter H. Heiskell, Jr., as defendant in the court below, to recover from him the amount of six several promissory notes, of some of which he was the maker, and of others the indorser or guarantor, and also for a balance due upon goods sold and delivered to him. The whole amount claimed in the suit, which was instituted on November 2, 1895, was $2,423.07, with interest on different parts thereof from different dates. A writ of attachment was sued out on the same day ; and the summons under the declaration and writ of attachment were both duly served on the day of their issue, the latter by the seizure of certain personal property which was taken into the custody of the marshal. The alleged ground for the attachment was that the defendant was about to assign, dispose of, and secrete his property with intent to hinder, delay, and defraud the plaintiff and other creditors.

On November 25, 1895, the defendant appeared and filed pleas admitting an indebtedness of $2,255.83 ; and on November 27, 1895, the plaintiff took judgment for that amount, and also a judgment of condemnation of the property attached by the marshal. On the same day (November 27, 1895), the attorney for the plaintiff filed an order to the clerk of the court to issue a writ of *fieri facias* on the judgment ; and the clerk forthwith issued the writ, correctly reciting in it the amount of the judgment as $2,255.83, and inserting the sum of $51.41 as the sum total of the costs from his docket. And on the same day also (November 27, 1895) this writ of *fieri facias* was placed in the hands of the marshal, who, it seems to be assumed, levied under it on the property already in his hands under the attachment. On December 5, 1895, the marshal advertised for sale on December 16, 1895, the property upon which he had levied under the writ of *fieri facias.*

In the meantime, on November 27, 1895, the same day

on which the judgment against the defendant and the judgment of condemnation had been rendered, and the writ of *fieri facias* issued, the defendant filed a motion, of which he had given notice on the day before, to vacate the writ of attachment that had been issued in the cause; and on November 29, 1895, he filed another motion, this time to vacate the judgment that had been rendered against him and the judgment of condemnation. On December 3, 1895, the motion to vacate the judgment was overruled, but the motion to quash the writ of attachment and to vacate the judgment of condemnation was allowed, and the latter judgment was accordingly vacated.

On the same day (December 3, 1895), the defendant filed a motion to quash and vacate the writ of *fieri facias* issued upon the judgment; and this motion was also allowed, and the writ vacated. It is from this order vacating the writ of *fieri facias* that the present appeal has been prosecuted.

*Mr. J. H. Lichliter* and *Mr. John Ridout* for the appellant:

1. Where an attachment is issued and the case is prosecuted and judgment rendered without personal service on the defendant, the judgment is *in rem* and execution can be issued only against the goods attached; but where an attachment is issued and personal service is had upon the defendant, there the judgment is *in personam* and the plaintiff is entitled to a general execution against any property of the defendant. "If there are personal service and judgment a general execution must issue, though action was commenced by attachment." Herman on Executions, sec. 56; *Cloud* v. *Smith*, 1 Texas, 611; *Conn* v. *Caldwell*, 6 Ill. 531; *Cooper* v. *Reynolds*, 10 Wall. 316; *Maxwell* v. *Stewart*, 22 Wall. 80; Drake on Attachment, sec. 5.

2. The execution was not void, but should have been amended; and the order quashing it was erroneous. It was within the power of the court, and it was its duty, on granting the motion to quash the attachment, to direct an

amendment of the execution so as to eliminate the part of the costs which were adjudged to be paid by the plaintiff after the issuing of the execution. The process, in general, of a court, is at all times amendable within the discretion of the judge.    1 Am. and Eng. Ency. of Law, p. 552.

In the following cases courts have disregarded variances between executions and judgments, both as to principal and as to costs:    *Hunt* v. *Loucks,* 38 Cal. 379–381 ; *Miles* v. *Knott,* 12 Gill & J. 442; *Perry* v. *Whipple,* 38 Vt. 278 ; *Trotter* v. *Nelson,* 1 Swan, 7 ; *Cunningham* v. *Felker,* 26 Iowa, 117 ; *Peet* v. *Cowenhaven,* 14 Abb. Pr. 56 ; *Durham* v. *Heaton,* 28 Ill. 264 ; Freeman on Executions, sec. 43, and notes ; *Harris* v. *Alcock,* 10 G. & J. 226, 250 ; *Peck* v. *Tiffany,* 2 N. Y. 451, 468 ; *Jackson* v. *Anderson,* 4 Wendell, 480 ; *Goode* v. *Miller,* 78 Ky. 235.

"An erroneous taxation of costs furnishes no ground for quashing the writ. The error may be corrected on motion to retax costs." Freeman on Executions, sec. 78 ; *Walton* v. *Brashears,* 4 Bibb, 18.

*Mr. Edwin Forrest* for the appellee :

1. The general writ of *fi. fa.* issued in this case was not such as the law required, and was properly vacated for that reason. Under Common Law Rule 83 of the Supreme Court of the District, a special writ should have issued. See *Deakins* v. *Rex,* 60 Md. 598 ; Herman on Executions, sec. 91. Judgment of condemnation having been given on the property levied on by the attachment, and the property being in the custody of the law, through the marshal, it was exempt from seizure under a writ of execution. Herman on Executions, sec. 171.

2. The execution, as found, was void because it did not truly represent the amount to which the plaintiff was entitled. Herman on Executions, sec. 55. It was the duty of the plaintiff to have caused its withdrawal and the issuance of one in accord with the state of facts existing on the vacation of the judgment of condemnation, or to have moved

for leave to amend, neither of which was done.    See *Wilson* v. *Fleming*, 16 Vt. 649 ; *Sherwin* v. *Bliss*, 4 Vt. 96 ; *Kneibs* v. *Graves*, 72 Pa. 105 ; *Davis* v. *Robinson*, 10 Cal. 411 ; *Bain* v. *Chrisman*, 27 Mo. 294.

An execution must be authorized by a judgment, and must follow it in every essential particular, not only as to material matters of form, but also as to the amount for which it is rendered.   *Hightower* v. *Handlin*, 27 Ark. 20 ; *Hastings* v. *Johnson*, 1 Nev. 615 ; *Peck* v. *Tiffany*, 2 Comstock, 458 ; *Callais* v. *McLeod*, 8 Ire. 221 ; *Reese* v. *Burts*, 39 Ga. 565.

Mr. Justice MORRIS delivered the opinion of the Court:

The ground upon which the order was made and the writ vacated was, it is understood and conceded, that, by the quashing of the writ of attachment and the vacation of the judgment of condemnation at the cost of the plaintiff, certain costs, amounting to $28.26 or upwards, which had been properly included by the clerk in the sum total of $51.41 stated in the writ of *fieri facias*, became thereafter an erroneous charge against the defendant, and so vitiated the writ that it should be wholly vacated and set aside.

We are unable to concur with the view taken of this matter by the court below.   The writ of *fieri facias*, it is conceded, was entirely correct in every particular at the time at which it was issued.   It correctly recited the amount of the judgment, and it correctly stated the amount of the costs as they then stood on the clerk's docket.   And even if it had been incorrect in the statement of the amount of the costs, which are, properly speaking, no part of a judgment, but only an incident of it, we do not think that it would be right or just to strike down the plaintiff's lien, or any other right which the plaintiff may have justly acquired by the issue of the writ, upon the ground merely that the clerk had made a clerical error in his statement of the costs payable to himself or to the other officers of the court.   Much less could

any such conclusion as this be allowed when, as in this instance, there was no clerical error whatever and the statement of costs was entirely correct at the time at which it was made and the writ issued, and only became incorrect, if at all, by the reversal of certain collateral proceedings having no necessary connection with the main action, the costs of which in the first instance had been properly included in the costs chargeable to the defendant, but by the reversal became chargeable to the plaintiff. Under the circumstances, it was as much the duty of the defendant as it was of the plaintiff to see that the writ of *fieri facias* was corrected in this matter of costs. .

We have said that costs are only an incident of judgment, not an essential part of it. Indeed, it not infrequently happens that judgment is rendered for some specific sum found to be due, and for costs thereafter to be taxed by the clerk, such taxation of costs being merely a clerical matter to be performed by the clerk rather than the court. And in fact, in all cases the actual taxation of costs is done subsequently to the rendition and entry of judgment. Moreover, some portion of the costs must always be estimated for in advance, such as the entry of the return of the sheriff or marshal and the entry of satisfaction ; and yet it is proper to include such estimate in the writ, although no such cost has actually been incurred at the time of the issue of writ. All this shows that the element of costs is no essential or necessary part of the judgment ; and in fact we know that the recovery of costs, although now to a great extent regarded as a common law right, was only authorized in the first instance by statute—the Statute of Gloucester, in the year 1278. A mistake, therefore, in the calculation of costs is not to be regarded as a variance between the writ of execution and the judgment, but a clerical error to be corrected upon motion or suggestion to that effect. A motion for the retaxation of costs is not unusual ; but it has never been supposed that such a motion would operate to disturb any right acquired under the judgment or under any writ of

execution issued in pursuance of it.  *Miles* v. *Knott*, 12 G. & J. 442 ; *Harris* v. *Alcock*, 10 G. & J. 226, 250 ; *Peck* v. *Tiffany*, 2 N. Y. 451, 458 ; *Jackson* v. *Anderson*, 4 Wend. 480 ; *Hunt* v. *Loucks*, 38 Cal. 379 ; Freeman on Executions, sec. 43, and cases cited in notes.

Costs, it is true, enter into the judgment which is to be executed ; and costs cannot be enforced by execution unless they do enter into the judgment.  Moreover, there may be execution for costs alone, when judgment in a cause is for a defendant.  But this does not alter the fact that the substantial judgment in all cases is for a specific sum of money and costs, or that the plaintiff take nothing by his suit, in which event the defendant recovers costs.

The authorites cited in this connection by the appellee are all in cases where there was a variance, not in the matter of costs, but in the matter of the amount of the substantial recovery, between the amount recited in the judgment and that stated in the writ of execution, or where costs had been inserted in the writ when none had been allowed in the judgment; and consequently those cases can have no application in the present controversy.  There is no doubt whatever as to the general proposition stated in the case of *Davis* v. *Robinson*, 10 Cal. 411, by the Supreme Court of California, through its Chief Justice, now Mr. Justice FIELD, of the Supreme Court of the United States, in the following language :

" There is no doubt as to the correctness of the proposition that the execution must be warranted by the judgment. It rests upon and must follow the judgment ; if it exceeds the judgment, it has no validity."

But it does not exceed the judgment so as to become invalid, when it recites the amount of the judgment correctly, but contains an erroneous computation of costs.  Especially is it not vitiated when it recites both judgment and costs correctly, and it is afterwards shown, what was not apparent before, that certain deductions from the costs should be made in consequence of extraneous circumstances that

were not known and could not have been known at the time at which the costs were computed. We think that it could with equal plausibility be argued that a writ of execution became invalid by reason of a subsequent payment made between the time of the issue and the time of the execution of the writ. Such payment, of course, should affect the levy, or the amount of the levy to be made; but it would be unreasonable to suppose that it would render the writ of execution void. A deduction from the amount of costs, rendered proper by subsequent developments in a collateral proceeding, should have no greater or different effect. Only the amount of the levy to be made by the marshal, not the validity of the writ in his hands, would be affected by the deduction, upon notice thereof to the marshal as the result of a retaxation of the costs by the court or the clerk.

The argument of the appellee to the effect that, inasmuch as there had been both a judgment *in personam* and a judgment of condemnation in the attachment proceedings, the general writ of *fieri facias* was not the proper one, but that there should have been a special writ of execution against the property condemned, is plainly too untenable to demand much consideration from us. Where there is no personal judgment, but only a judgment of condemnation upon attachment proceedings, a special writ of execution might be proper enough. But where there are two judgments, as in this case, although in the same suit, one a personal judgment, and the other a judgment of condemnation of property attached, it would be unreasonable to hold that the plaintiff must look for his satisfaction to the latter alone. He is entitled to realize his personal judgment out of any property of the judgment debtor which he finds available for the purpose; and he may wholly disregard the attached property, if he so desires.

Nor is the argument any more tenable that, because certain property of the debtor had been seized by the marshal under the writ of attachment, and there had been a judg-

ment of condemnation of it, and the property was in the actual custody of the law, such property was not again subject to a general execution at law. Apart from any other objection to this argument, it is sufficient to say here that the question before us is not as to the propriety of any levy made by the marshal, but as to the validity of a writ of *fieri facias* that might or might not be levied upon property already in the marshal's hands. A levy might be wrong, while the writ of execution might have been entirely right. It was not necessary for the marshal under this writ to levy upon the property already in his hands, although we see no impropriety in his doing so ; and the fact that he did so levy, if it is a fact, has not the remotest bearing upon the question of the validity of the writ of execution.

We think that it was error in the court below to quash the writ of *fieri facias* issued in this case ; and the order of the court quashing and vacating that writ must be reversed, with costs. And the cause will be remanded to that court, with directions to vacate that order, to direct a retaxation of the costs in the case by the clerk, and upon such retaxation to amend the writ of *fieri facias*, and such writ of *fieri facias* so amended to direct the marshal to carry into effect. *And it is so ordered.*