FREEMAN McGILVERY, Appellant, v. MOREHEAD, WHITEHEAD and WADDINGTON, Respondents.

The affidavit to sustain an arrest must show the facts relied upon by positive averment; and it is not sufficient to refer to the complaint, or to any other paper to show what the affidavit ought itself to disclose.

Where a party is once arrested and discharged, he cannot be arrested again in the same action.

APPEAL from the Fourth Judicial District, San Francisco County.

The plaintiff brought the action upon which this application for the arrest of one of the defendants was made, for the recovery of $3525 damages, alleged to have been sustained by plaintiff upon a contract made with defendants, set out in the complaint. The bill was filed 1st January, 1852, and alleges that defendants, Whitehead, Morehead and Waddington were partners in trade.

The affidavit bears the same date as the complaint; in which the plaintiff makes oath, that the facts stated in the complaint are true; that he has sustained the damage alleged of $3525, arising from defendants' breach of contract with, and implied warranty to him, as set forth in his complaint; that said contract was made, and cause of action arose after the passage of the act, entitled "An act to regulate proceedings in civil cases in the courts of justice of the State of California;" that his cause of action as set forth is just against defendants; that the said Morehead and Whitehead are non-residents of this State; that the defendant, Waddington, has disposed of most, if not all, the property of the partnership, realized in the shape of money, and is about to start from the State, with the intent to defraud his creditors, particularly plaintiff; and therefore plaintiff prays an order of arrest against him.

Upon this affidavit the arrest of Waddington was ordered by the Court, and that he be held to bail in the sum of $3525; which was done accordingly.

February 13th, 1852.    The Court, after hearing defendant

and his evidence, ordered the order of arrest to be vacated; to which order plaintiff excepted, alleging as the ground, that the Court had deemed the affidavit upon which the arrest was ordered defective, in not setting forth the *ground* of plaintiff's belief that the defendant was about to start from the State with intent to defraud his creditors.

February 14th. The plaintiff made a second affidavit, and set out in detail the facts upon which he grounded his application for arrest; upon the hearing of which the Court again ordered the arrest of the defendant, who was arrested and held to bail accordingly as before; and afterwards, on the 21st February, the second order of arrest was dismissed, and the bond of defendant ordered to be cancelled. From this order of the Court the plaintiff appealed.

*Thomas* and *Morse*, for appellants.

The affidavit was positive as to the facts, and within the 75th section of the Practice Act of 1851. The Court erred in discharging the second order for the reason assigned, "that defendant Waddington had in his affidavit denied any indebtedness to the plaintiff, or intention to leave the State to defraud him."

*McAllister*, for respondents.

The affidavit of plaintiff did not of *itself* contain the facts upon which the order of arrest was granted. It was correct therefore to discharge it. The facts are by recital, and the party arrested was referred to another and distinct paper in which they were contained. Such reference is not sufficient, and is defective. 1 Arch. Prac. 59; 2 Bos. & Pull. 48; 3 Burr. 1447; 3 T. Rep. 575; 1 T. Rep. 716. The act requires the oath to be positive, unless complainant swears upon *information* and belief, in which case he must give the sources of his information. Whittock *v.* Roth, 5 Prac. Rep. 143. The facts set forth as evidence of the *intent to defraud*, are not sufficient. There is no evidence of *secrecy*, &c. Anon., 2 Coke Rep. 51. Allegation, without facts, amounts to nothing. No warrant of arrest can issue twice in the same suit. 1 Bac. Abr. 545; 2 Eng. C. L. Rep. 86; 3 East, 309. The Statute does not take away the common law right.

It cannot take it away by implication; for in a matter of arrest, the Statute will be strictly construed.

HEYDENFELDT, Justice, delivered the opinion of the Court; MURRAY, Chief Justice, concurred.

Appeal from an order of the District Court discharging the defendant from arrest.

The act which allows a party to be arrested in a civil case, requires the affidavit to disclose that a sufficient cause of action exists, and that the case is one of those for which the remedy of arrest is provided.

It is well settled, that the facts necessary to be shown must appear by the positive averments of the affidavit; and it is insufficent to refer to the complaint or to any other paper to show what the affidavit ought itself to disclose, although it is positively averred that such complaint or paper is true.

When a party is once arrested and discharged, he cannot be arrested again in the same action. It is always presumed, that the plaintiff in his affidavit for arrest has stated his case as fully as he can to effect his object.

A different rule might not only lead to harassing arrests, but if new or amended affidavits were allowed at pleasure, it would open a wide door to perjury.

Judgment affirmed.