AGNES G. HUMPHREY, Respondent, *v.* MARY E. HAYES et al., Appellants.

As the act of 1879 (Chap. 542, Laws of 1879), amending the provisions of the Code of Civil Procedure (§ 549) in reference to arrest, by authorizing an arrest in an action on contract where fraud is alleged in the complaint, and declaring that where such an allegation is made, plaintiff cannot recover without proving fraud, by its terms (§ 2), does not apply to actions theretofore commenced, it is not essential in such an action where the defendant has been arrested on affidavits charging fraud, to amend the complaint by inserting therein allegations of fraud, nor is it necessary to prove the fraud on the trial.

In an action upon a guaranty of payment in an assignment of a bond and mortgage for $1,250 it appeared that at the time of the assignment there was another mortgage upon the premises, bearing the same date and recorded at the same time as the assigned mortgage. The holder of the other mortgage obtained a decree of foreclosure thereon, which plaintiff purchased for the sum of $669.65 ; the mortgaged premises were sold under the decree to plaintiff for $100. The defendants were not parties to the foreclosure and it did not appear that they had any knowledge of the foreclosure or the sale. The value of the premises at the date of the assignment was $3,000, and at the time of sale $1,500. *Held*, that as the acts of plaintiff were injurious to the rights of the guarantors they were thereby discharged, either wholly or to the extent to which the security was impaired, *i. e.*, the proportionate part of the value of the mortgaged premises at the time of sale, applicable upon the guaranteed mortgage.

*It seems* that the assignee in such a case is not bound to exercise diligence, and until required by the guarantor to enforce his bond and mortgage, delay in so doing, and a consequent impairment of the security, is no defense. He is not at liberty, however, to do any affirmative act impairing the security ; the guarantor on payment is entitled to enforce the mortgage for his own indemnity, and any act of the assignee which operates to deprive him of that indemnity discharges him.

The assignment also contained a covenant that the assigned mortgage was the first lien upon the mortgaged premises. *Held*, that proof of knowledge on the part of the assignors of the existence of the other mortgage was not sufficient to sustain a finding of fraud.

After trial of the action and the decision of the court, but before judgment, an order of arrest was issued and served ; it was granted on affidavits establishing fraud *prima facie*. *Held*, that the order was in time ; and that although the averments in said affidavits were denied by defendant's opposing affidavits, the questions of fact were for the court below to pass upon, and its determination was not reviewable here.

(Submitted December 11, 1883 ; decided February 8, 1884.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made the third Monday of September, 1881, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial, without a jury. Also, appeals from two orders of said General Term, made at the same term, which denied motions on the part of defendants to vacate an order of arrest herein.

This action was commenced in 1878, upon a guaranty of payment contained in an assignment of a bond and mortgage.

The action was tried in October, 1880; the court rendered a decision in February, 1881; after this, but before judgment was entered thereon, an order of arrest was granted against defendant Edwin L. Hayes, and he was arrested thereunder and admitted to bail.

The further material facts appear in the opinion.

*Nelson Cross* for appellants. If fraud could be predicated upon the covenant in the assignment to plaintiff, the fraud must be proved; it could not be presumed. (*Wakeman* v. *Dalley*, 51 N. Y. 31; *Marsh* v. *Falker*, 40 id. 565; *Graves* v. *Waite*, 59 id. 158; *Still* v. *Little*, 63 id. 427.) As this mortgage was dated and recorded at the same time as the other, the defendants, even if they had known of the fact that the other remained unpaid or unsatisfied, may have honestly supposed that it was first as it was not secondary to any other. (*Oberlander* v. *Casper*, 45 N. Y. 175; *Still* v. *Little*, 63 id. 427; *Wakeman* v. *Dalley*, 51 id. 27.) An amendment changing an action from contract to tort will not be allowed. (*De-graw* v. *Elmore*, 50 N. Y. 1, 4, 5; *Ross* v. *Mather*, 51 id. 108; *Barnes* v. *Quigley*, 59 id. 265; *Walter* v. *Bennett*, 16 id. 250; *Joslyn* v. *Joslyn*, 9 Hun, 388; Wait's Pr., §§ 721, 722, 723; *Small* v. *Smith*, 1 Denio, 583; *Story* v. *Brennen*, 15 N. Y. 526; *Algur* v. *Easton*, 54 id. 360; *Gale* v. *Wells*, 12 Barb. 84.) The same circumstances which in equity would discharge a surety, may be pleaded as a defense in an action on a contract in a court of law. (*Lailly* v. *Elmore*, 2 Paige, 497; *Boys* v. *McDonough*, 39 How. 389; *Boyd* v. *Finnegan*, 3

Daly, 222.) Gross negligence in securing the debt may relieve the surety. (*Duval* v. *Trash*, 12 Mass. 154; *Goring* v. *Edmonds*, 6 Bing. 94; *McKecknie* v. *Ward*, 58 N. Y. 541.) Any act of the principal interfering with the right of subrogation will release the surety. (*Boyd* v. *McDonough*, 39 How. 389; *Hayes* v. *Ward*, 4 Johns. Ch. 130; *Cary* v. *Leonard*, 56 N. Y. 494; *Billington* v. *Wagner*, 33 id. 31; *Boyd* v. *Finnegan*, 3 Daly, 222; *Lewis* v. *Palmer*, 28 N. Y. 271.) Amendments, when properly made, do not admit of altering the issue between the parties, they cannot change fraud into contract and *vice versa.* (*Barnes* v. *Quigley*, 59 N. Y. 265; *Lane* v. *Beanes*, 19 Barb. 51.) An amendment alleging tort is not allowed, because it would subject defendant to execution against the person. (*Cushman* v. *Jewell*, 7 Hun, 526.) Where a defendant has been guilty of fraud in contracting or incurring a liability, it must be so alleged in the complaint, and if not so alleged an order of arrest must be vacated. (*Hect* v. *Levy*, 20 Hun, 53; Code of Civ. Proc., §§ 549, 550, 580.) An order of arrest cannot be granted after final judgment. (Code of 1870, § 245; *Bank* v. *Hutchkiss*, 5 How. Pr. 480.)

*Tunis G. Bergen* for respondent. The court never presumes any thing against a judgment, but if compelled by imperfections in the statement of facts to resort to presumptions, will adopt such only as will sustain the judgment. (*Carman* v. *Pultz*, 21 N. Y. 547; *Schoonmaker* v. *Spencer*, 54 id. 366; *Willis* v. *Weaver*, 58 id. 681.) Even if the court had not allowed the amendments, the right to amend exists and can be done even after judgment, and the court never reverses a judgment, although the amendment has not been made, when it conforms to the proofs. (*Bennett* v. *Judson*, 21 N. Y. 240; *Lownsbury* v. *Purdy*, 18 id. 515; *Tisdale* v. *Morgan*, 7 Hun, 583.) As the contract here made by the wife related to her separate estate, her liability is complete. (*White* v. *Mc Nett*, 33 N. Y. 374; *Cashman* v. *Henry*, 75 id. 113; *M. B. & M. Co.* v. *Thompson*, 58 id. 80, 83.) As to the defendant, Mary E. Hayes, since the consideration of $1,100 moved directly be-

tween her and the plaintiff, the guaranty of payment consti-
tutes an original covenant under seal, and is not a technical
guaranty in law. The same rules therefore apply which pre-
vail with reference to the consideration of any other original
contract. (*Leonard* v. *Vredenburgh*, 8 Johns. 39; 24 Wend.
456; 1 Bouvier Dict. 402, 403, 404, 444, 563; 4 Cow. 432;
2 Denio, 45.) In a guaranty of payment the guarantor under-
takes unconditionally that the debtor will pay, and the creditor,
upon default, may proceed directly against the guarantor with-
out taking any steps to collect of the principal debtor. (*Mc-
Murray* v. *Noyes*, 72 N. Y. 525.) The declaration that the
mortgage sold to the plaintiff was the first lien was, although
false and fraudulent, such a representation and covenant as
would remove from the plaintiff every obligation to investi-
gate whether there was another mortgage or not. (*Mead*
v. *Bunn*, 32 N. Y. 275; Bigelow on Fraud, 67, 68, 69,
305; *Brown* v. *Tuttle*, 66 Barb. 175; *Bennett* v. *Judson*, 21 N.
Y. 248.) The amendment alleging fraud does not change the
nature of the action from one *ex contractu* to one in tort. The
action is not thereby made *ex delicto*. (*Ledwich* v. *McKinn*,
53 N. Y. 307; *Newstall* v. *Adams*, 5 Duer, 43; *Smith* v.
*Mackin*, 4 Lans. 41; *Woolsey* v. *Trustees*, 2 Keyes, 605.) The
defense of the statute of limitations is worthless. (Code, § 381;
*Peters* v. *Delaplaine*, 49 N. Y. 371; *Bommer* v. *Am. L. Co.*,
44 N. Y. Sup. Ct. 454.) The appellants having availed them-
selves of the privilege given by the order denying the first
motion to vacate by making a new motion cannot appeal from
that order. (1 Bliss Ann. Code, 907, note *c. e.; Robbins* v.
*Ferris*, 5 Hun, 286.) Where affidavits of arrest state positively
matters not denied, etc., courts of review take them as stated.
(*Pearson* v. *Freeman*, 77 N. Y. 589; *Barrett* v. *Selling*, 5
Weekly Dig. 190; *Meyer* v. *Belden*, 8 id. 344.) At the
time this action was begun the original complaint was a
proper one to sustain an order of arrest. (*Nat. Bowery B'k*
v. *Duryee*, 74 N. Y. 491; Laws of 1879, chap. 542, § 2, p. 619;
*Hecht* v. *Levy*, 9 Weekly Dig. 313.) Applications to set aside
a judgment for matters *in pais dehors* the record are addressed

to the discretion of the court of original jurisdiction. (*Williams* v. *Montgomery*, 60 N. Y. 648.) Where a fact may be clearly inferred from allegations sustaining an order of arrest, such fact may be regarded as averred. (*Meyer* v. *Belden*, 8 Weekly Dig. 344; *Mead* v. *Bunn*, 32 N. Y. 275; Bigelow on Fraud, 67, 68, 69, 305, 470; *Brown* v. *Tuttle*, 66 Barb. 175; *Bennett* v. *Judson*, 21 N. Y. 241; *Cunningham* v. *Freeborn*, 3 Paige, 557; *Dykers* v. *Woodward*, 7 How. 314; *Churchill* v. *Bennett*, 8 id. 311; Note in Kerr on Fraud, 389, 385, 384; *Watt* v. *Grove*, 2 S. & L. 502.) The time for charging in execution is to be computed from the date of actual entry of judgment, not from the time when it might have been entered. (*Mott* v. *Union B'k*, 38 N. Y. 19; *Hathaway* v. *Howell*, 54 id. 97; *Lippman* v. *Peterson*, 9 Abb. 209; 18 How. 279; *Standacher* v. *Pregenzer*, 52 id. 76; 30 N. Y. 581.) Where a fact may be clearly averred from allegations sustaining an order of arrest, such fact may be regarded as averred. (*Bennett* v. *Judson*, 21 N. Y. 240; *Lounsbury* v. *Purdy*, 18 id. 515; *Meyer* v. *Belden*, 8 Weekly Dig. 344.) An allegation of fraud in action on contract does not change the nature of the action, and the action is not thereby made *ex delicto*. (*Ledwick* v. *McKim*, 53 N. Y. 307; 5 Duer, 43; 2 Keyes, 605.)

RAPALLO, J. It was not necessary for the purpose of sustaining either the judgment or the order of arrest, that it should have been averred in the complaint or proved upon the trial that the defendants had been guilty of fraud in contracting the liability sued upon. The requirements of subdivision 4 of section 549 of the Code of Civil Procedure were introduced, by amendment, by chapter 542 of the Laws of 1879, and section 2 of that act expressly provides that the amendments to sections 549 and 550 shall not apply to actions theretofore commenced.

This action was commenced prior to the adoption of those amendments. It is immaterial, therefore, that the complaint was not duly amended so as to contain proper allegations showing fraud, or that the facts admitted on the trial and stated in the findings were insufficient to establish fraud.

We think, however, that the judgment was erroneous in another respect. The action was brought upon a guaranty by both defendants of payment of a bond and mortgage on real estate in New Jersey for $1,250 belonging to the defendant Mary E. Hayes, wife of defendant E. L. Hayes, and assigned by both defendants to the plaintiff, in consideration of $1,100, paid in February, 1872, to the defendant Mary E. Hayes. The court rendered judgment on said guaranty in favor of the plaintiff against the defendants April 4, 1881, for the whole of said sum of $1,100, with interest to that date, from February 1, 1872, amounting in all to $1,785.75, besides costs. The mortgage had never been foreclosed, but the following facts were set up in defense and found by the court.

The mortgaged premises were, at the time of the assignment of the mortgage to the plaintiff, subject to another mortgage for a smaller amount, bearing the same date and recorded at the same time as the mortgage in question in this action, and consequently being a concurrent lien upon the mortgaged premises. This smaller mortgage had formerly been held by the defendant Mary E. Hayes and had been assigned by her to Charles R. Abbott. In April, 1876, Abbott obtained a decree of foreclosure of that smaller mortgage, and in August, 1876, the plaintiff purchased that decree for the sum of $669.65, and afterward, on the 16th of August, 1876, the mortgaged premises were sold under that decree, to the plaintiff, for $100, and she received the sheriff's deed therefor. It is further found that the value of the mortgaged premises at the date of the assignment and guaranty in suit, was at least $3,000, and so continued until the years 1876 or 1877, and that their value at the time of the trial was $1,500.

Neither of the defendants was a party to the foreclosure of Abbott, and it is found as a fact that it does not appear that either of them had any knowledge of such foreclosure thereof, or of the sale.

The defendants set up in their answer in this action that with ordinary diligence the plaintiff could have collected the bond and mortgage guaranteed by them. That when it be-

came due and for a long time thereafter it was amply secured, but that through plaintiff's neglect the security had been greatly impaired.

This defense was not sustainable, it not appearing that the plaintiff had been called upon to enforce the lien of the mortgage. The guaranty being of payment and not of collection, she was not bound to take proceedings to foreclose unless required so to do by the guarantors.

But, nevertheless, she was not at liberty to do any affirmative act which should impair the security and deprive the guarantors of any benefit which they might derive therefrom on payment of their guaranty. On making such payment they were entitled to enforce the mortgage for their own indemnity, and any act of the plaintiff which operated to deprive them of that indemnity discharged them. If the plaintiff extended the time of payment, or released the premises from the lien of the mortgage, or did any similar act injurious to the rights of the guarantors, she thereby discharged them, either wholly or to the extent to which the security was impaired.

We think that her acts, as shown by the findings, were of that character. The two mortgages having been made at the same time, and simultaneously recorded, were concurrent liens upon the mortgaged premises, and on a sale thereof the proceeds were distributable *pro rata* on both mortgages. Such, also, is the law of the State of New Jersey, as appears from the decree of foreclosure rendered by the Court of Chancery, and which appears in the case, under which the plaintiff bought in the property, and which directed the proceeds of sale to be thus apportioned. Neither of the mortgages was entitled to the whole proceeds, if the premises brought enough to pay but one of them, nor to be paid in full unless the proceeds were sufficient to pay both. If the plaintiff had not bought the Abbott mortgage and decree and he had proceeded to a sale and the premises had brought only a sum equal to the amount due him on his mortgage, that sum should have been apportioned and the greater part of it would have gone to reduce the plaintiff's mortgage. If she had consented that Abbott

take the whole proceeds, that consent would have prejudiced the defendants and could have been set up by them as a defense. She was not at liberty to waive any right they would have had in the proceeds had they taken up the mortgage guaranteed. (*Lewis* v. *Palmer*, 28 N. Y. 271; *Cory* v. *Leonard*, 56 id. 494.) But by purchasing the decree in the Abbott case, and herself causing the property to be sold, and bidding it in for a nominal amount, in a proceeding to which the defendants were not parties and of which, as the trial judge finds, it does not appear that they had any notice, leaving nothing to be credited on the guaranteed mortgage, she did a still more decided act to the prejudice of the defendants than if she had merely suffered Abbott to take the whole proceeds. She absolutely extinguished the guaranteed mortgage. She was under no obligation to purchase the Abbott decree. It was not necessary for her protection, not being a prior but a concurrent lien. She would have had the same rights in the proceeds of sale if the sale had been made by him, as if made by herself, and by her purchase from him she acquired no greater rights than he would have had if he had continued to hold the decree. The mortgaged premises were certainly worth something. Her payment to him of the full amount of the decree shows that it must have been assumed that they would bring enough to pay both mortgages, for he was entitled only to a *pro rata* share.

It is admitted and found, that the premises were worth at least $3,000 up to the year 1876 or 1877, when the railroad depot was removed. That date does not appear, nor does the case show whether it was before or after the sale, which took place August 16, 1876. But supposing it was before, the subsequent value is conceded to be $1,500. By the course the plaintiff took she obtained the whole property under the Abbott decree, discharged of the guaranteed mortgage, and now recovers of the defendants the whole amount of the guaranty in addition, when in fact at least two-thirds of the value of the mortgaged premises, whatever it may have been, was applicable on the guaranteed mortgage. Such a dealing, as against sureties, is grossly inequitable and cannot be sustained.

The court below puts the case on the ground that the assignment of the Abbott decree to the plaintiff and her bidding in the property no more operated to discharge the guarantors than if she had foreclosed her own mortgage and thus exhausted her security. We think there is a great difference. She virtually appropriated the whole property to the reimbursement of what she had paid for the Abbott decree, when if Abbott had himself sold he would doubtless have bid it up to an amount sufficient to pay his own claim or so much thereof as the premises would pay, and the proceeds would have been apportioned between the two mortgages. It certainly cannot be supposed that he would have let the premises go for the $100, which was the sum bid by the plaintiff. But she placed herself in a position which enabled her to buy in at that price and still incur no loss, even if the premises were insufficient to pay both mortgages, provided she could retain her entire claim against the guarantors of the larger mortgage, and she did this, apparently, without the knowledge of the guarantors. A party holding a guaranty is not at liberty thus to speculate upon the guarantors. If the plaintiff had foreclosed her mortgage the guarantors were entitled to notice of the sale and could have protected themselves to the extent of the value of the property. If a party holding a guaranty of payment of a mortgage should without notice to his guarantors secretly foreclose and sell the mortgaged premises and buy them in for a sum greatly below their value, it cannot be pretended that he could retain the property thus purchased, and recover the full amount guaranteed.

I have considered the case upon the original complaint, which is founded solely upon the breach of the contract of guaranty. The question of fraud is before us on the appeal from the order denying the motion to vacate the order of arrest granted against the defendant Edwin L. Hayes, but I do not think that it arises on the appeal from the judgment. In the first place, as the case stood when the action was brought, the allegation of fraud could not properly have been made in the complaint, which is upon contract, nor could it have been proved upon

the trial or adjudicated upon, for, as before stated, the amendment of 1879 which authorizes that course does not apply to this action. An amendment of the complaint charging fraud could not have been regularly made upon the trial, for its effect would have been, either to change the cause of action from contract to tort, or to produce a misjoinder of causes of action. But assuming that such an amendment was made, or is to be considered as made, the further difficulty remains that no facts were shown upon the trial sufficient to sustain a finding of fraud. All that appeared on the trial was that the assignment containing the guaranty sued upon also contained a covenant that the assigned mortgage was the first lien upon the mortgaged premises. This assignment is dated February 1, 1872, and the admission of facts, which appear to constitute all the evidence introduced upon the trial, contains a statement that prior to the time of the execution of the assignment the defendant Mary E. Hayes was the owner of another mortgage on the same premises for a smaller amount, bearing the same date and the same date of record as the assigned mortgage, which smaller mortgage was assigned on the 8th of January, 1872, to Charles R. Abbott. This is all. And the finding is, that the clause in the assignment covenanting that the assigned mortgage was the first lien upon the premises, was false and fraudulent, and on this finding the conclusion of law is based that the defendants were guilty of fraud in contracting their indebtedness to the plaintiff. If this conclusion is sound then every breach of covenant of title or against incumbrances will sustain an action for fraud, if the covenantor knew of any incumbrance or defect in his title, without showing that he made any representation, or that there was any intent to defraud, or that the covenantee was ignorant of the facts, or relied upon the representation. It needs no argument to prove that the facts stated are insufficient to sustain the conclusion, and there is a still further defect in that there is absolutely nothing in the evidence on the trial to show that the defendant Edwin L. Hayes knew of the mortgage held by Abbott or that the plaint-

iff was ignorant of it. It cannot be contended, therefore, that the judgment can be sustained on the ground of fraud.

We are of opinion that the acts of the plaintiff, in purchasing the Abbott decree, selling the premises thereunder and purchasing them for a nominal sum at the sale controlled by herself, and apparently without notice to the defendants, were prejudicial to them and in fraud of their rights to have a *pro rata* proportion of the proceeds of the mortgaged premises, at a fair sale thereof, applied on the mortgage they had guaranteed, and that such acts discharged them from their guaranty and from liability, in any form of action, to the extent at least of the proportionate part of the value of the mortgaged premises at the time of the sale, applicable on the guaranteed mortgage, and that on this ground the judgment should be reversed. The plaintiff extinguished the lien of the guaranteed mortgage as effectually as if she had taken a voluntary conveyance of the mortgaged premises, in which case the guarantors would have been discharged to the extent of the value of the premises. (*Loomer* v. *Wheelwright*, 3 Sandf. Ch. 135.)

On the appeal from the order denying the motion to vacate the order of arrest, a different state of facts is presented. The affidavits on the part of the plaintiff state that the defendant Edwin L. Hayes, represented to the plaintiff that the assigned mortgage was the first lien upon the premises. That she relied upon this representation and was induced thereby to part with her money and take the assignment. That he knew of the Abbott mortgage and had previously represented to Abbott that it was the first lien, and that his representation to the plaintiff was made with intent to defraud her, she being ignorant of the actual facts. The affidavits are full and establish *prima facie* a case for an order of arrest, for fraud extrinsic the cause of action. The allegations are denied by affidavits on the part of the defendants, but the questions of fact thus presented, it was in the province of the court below to pass upon. The order of arrest was not applied for until after the trial and the decision of the court, but it was made and served before final judgment and therefore in time.

The judgment should be reversed and a new trial ordered, costs to abide the event.

The appeals from the orders denying the motions to vacate the order of arrest should be dismissed with costs against the appellant Edwin L. Hayes.

All concur except Ruger, Ch. J., and Earl and Danforth, JJ., who dissent.

Judgment reversed.

Appeals from orders dismissed.