**61  BRECKON vs. CIRCUIT JUDGE (Ottawa), No. 15550; 3 D. L. N., 243; 67 N. W., 906.**

To quash a capias issued in an action for libel, on the ground that it is the second issued for the same cause of action, relator having been arrested upon the first.

Denied June 30, 1896, with costs.

The first writ was issued February 21, 1896, upon an affidavit sworn to February 20.  Relator was arrested on the morning of February 21, but at one o'clock he was released by order of plaintiff who had discovered an error in the return day of the writ.  On February 24, a new affidavit was filed setting up additional publications, and another writ was issued.

Relator contended that where a party has been once arrested and held to bail he cannot be again arrested for the same cause of action. 1 Green's Pr. 112-3 Enc. Pl. Pr. 161; Belifante vs. Levy, 2 Stra., 1209; Imlay vs. Ellefsen, 3 East., 309; Daniel vs. Dodd, 8 East., 334; Green vs. Young, 21 N. Y. S., 255; Kellogg vs. Underwood, 40 N. E. (Mass.), 104; McGilvey vs. Morehead, 2 Cal., 607; U. S. vs. Watkins, 4 Cranch Ct. Ct., 271; Sherburn vs. Beattie, 16 N. H., 437; that if the release had

not been voluntary, the proper practice would have been to ask the Court for a new writ and upon such application the burden would be upon the plaintiff to show that the second arrest was not vexatious— Richards vs. Stewart, 25 Eng. C. L., 150; Wells vs. Gurney, 15 Eng. C. L., 336; that the second arrest is presumed to be vexatious, 1 Green's Pr., 113; that in no case can a second writ issue until the first suit is discontinued. Carter vs. Hart, 18 Eng. C. L., 79; Hamilton vs. Pitt, 20 Eng. C. L., 113; Wells vs. Gurney, 15 Eng. C. L., 336; Peck vs. Hozier, 14 John's, 345.

Respondent contended that the fact of a former suit pending can only be determined on a plea in abatement and not upon affidavits and motion; Sullings vs. Goodyear, 36 M., 313; Near vs. Mitchell, 23 M., 381; Wheeler vs. Hathway, 58 M., 77; Fenton vs. Miller, 94 M., 204; Gruler vs. McRoberts, 48 M., 317; and that a plea to be good must aver that the suit is still pending (which was not the fact here at the time that the motion was made); Wales vs. Jones, 1 M., 254; Pew vs. Yoare, 12 M., 16; that the first writ was bad under Whitney vs. Circuit Judge, 38 M., 308; (53) Miller vs. Gregory, 4 Cow., 504; that the second writ in such case was not bad unless the first arrest was vexatious; Jewett vs. Lock, 6 Gray (Mass.), 233; and that the question of bona fides was before the Circuit Judge upon the motion to quash.