[Crim. No. 412. In Bank.—March 18, 1898.]

## Ex Parte YONETARO FKUMOTO on Habeas Corpus.

ARREST IN CIVIL ACTION—INSUFFICIENT AFFIDAVIT—ABSENCE OF JURISDIC-
TIONAL FACTS.—An affidavit for arrest in a civil action, stating merely
that the defendant had absented himself from his place of business,
had given directions to pack the goods at his place of business, and
that part of the goods so packed were removed to places unknown
to the plaintiff, that defendant had received a large sum of money
for insurance on goods destroyed by fire, and had sought to convert
his goods by auction sales into cash, and was possessed of a large sum
of money in cash, and was concealing himself, that plaintiff had
sought him and could not find him, and that he intended to, and if
not prevented by the court would, escape from the state of California
with said money, and thus defraud and cheat plaintiff, does not state
jurisdictional facts sufficient to justify an arrest, either upon the
ground that defendant was about to depart from the state with in-
tent to defraud his creditors, or upon the ground that he had removed
or disposed of his property, or was about to do so, with intent to
defraud his creditors.

ID.—FRAUDULENT INTENT MUST DISTINCTLY APPEAR—DEPARTURE FROM LAN-
GUAGE OF STATUTE.—The intent of the debtor to defraud his creditors
must distinctly appear; and the statement that defendant "will es-
cape from the state," and thus "defraud and cheat the plaintiff," is
not the equivalent of the statutory requirement that he "is about to
depart from the state with intent to defraud his creditors." When the
language of such a statute is departed from, the party must, at his
peril, employ words of equivalent import, and a failure in this
respect is fatal.

ID.—STATEMENT OF CONCLUSION OR BELIEF WITHOUT PROOF.—The statement
that the defendant "will escape from the state," etc., is the mere
statement of the conclusion or belief of the affiant, and without the
statement of the facts from which such conclusion is drawn, or upon
which the belief is founded, is not evidence upon which the court is
at liberty to act in such a case.

ID.—REMOVAL OF PROPERTY—FACTS SHOWING FRAUDULENT INTENT MUST AP-
PEAR—REMOVAL MUST PREVENT ATTACHMENT.—An affidavit for arrest on
the ground that defendant has removed or disposed of his prop-
erty, or is about to do so with the intent to defraud his creditors,
must not merely assert fraudulent intent in general terms, but must
state specific facts, from which the court may deduce the intent
to defraud; and it must further show that the defendant was
taking, or was attempting to take, the property without the reach
of the process or jurisdiction of the court either territorially, or by
concealing or disposing of them where they can not be subjected
to attachment; and where the affidavit neither proves a fraudulent
intent, nor necessarily shows a removal of the property beyond
the reach of an attachment, it is insufficient.

Id.—Insufficient Statements upon Information and Belief.—Statements of fact in an affidavit for arrest, made upon information and belief, or which are of a character that they could only be so made, without stating the facts upon which such information and belief are founded, are fatally defective.

Id.—Statement of Cause of Action—Reference to Verified Complaint— Query?—The question raised, but not decided, whether an affidavit for arrest must state the cause of action in express terms, or whether it may refer to and make the verified complaint a part of the affidavit.

WRIT of *habeas corpus* from the Supreme Court to the sheriff of the City and County of San Francisco to test the validity of an arrest ordered in a civil action by the Superior Court of said City and County. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

George A. Rankin, and Garret W. McEnerney, for Petitioner.

Mullany, Grant & Cushing, for Respondent.

VAN FLEET, J.—Application for discharge on *habeas corpus*. The warrant under which petitioner is held in restraint was issued in supposed accord with the provisions of the Code of Civil Procedure authorizing the arrest of the defendant in a civil action. Those provisions permit such arrest "whenever it appears to the judge by the affidavit of the plaintiff, or some other person, that a sufficient cause of action exists, and that the case is one of those mentioned in section 479." (Code Civ. Proc., secs. 478, 481.) In this case the order of arrest was made by a judge of the superior court of the city and county of San Francisco, in an action brought in that court by one G. T. Marsh, as plaintiff, against petitioner as defendant, and was based upon an affidavit of the plaintiff Marsh, intended to bring the case within those provisions of section 479 which authorize the arrest: "1. In an action for the recovery of money or damages on a cause of action arising upon contract express or implied, when the defendant is about to depart from the state with intent to defraud his creditors; . . . . 5. When the defendant has removed or disposed of his property, or is about to do so, with intent to defraud his creditors."

The discharge is asked upon the ground that the facts stated in the affidavit did not authorize the order of arrest, and that therefore the order was void for want of jurisdiction.

Petitioner first objects that it is not made to appear by the affidavit that a cause of action existed against petitioner in the action in which the proceeding is had. Respondent tacitly concedes that the facts stated in the affidavit do not in themselves show the existence of a cause of action, but the affidavit refers to the verified complaint on file, and "makes the same a part of this affidavit"; and it is contended that the complaint may be thus referred to to help out the defects in the affidavit in this respect, and for such purpose is to be regarded as a part of the affidavit. Against this contention petitioner relies upon the early case of *McGilvery v. Morehead*, 2 Cal. 607, where it was explicitly held that the affidavit must itself show the facts relied on by positive averment, and that it is not sufficient to refer to the complaint, or to any other paper, to show what the affidavit should itself disclose. On the other hand, respondent refers us to the case of *Ligare v. California etc. R. R. Co.*, 76 Cal. 611, which it is claimed in effect overrules *McGilvery v. Morehead, supra,* and to several cases from New York, from which our statute is borrowed, sustaining his contention. We do not find it necessary, however, to determine this question, since we are satisfied that there is a material lack in the affidavit in respect to the other jurisdictional facts required to bring the case within the statute.

The affidavit, which was sworn to on February 25, 1898, states in substance that, notwithstanding an agreement theretofore made by petitioner to turn over to Marsh, the plaintiff in the action, on that day certain goods in the possession of defendant (presumably in satisfaction of the demand sued on), petitioner "absented himself from his place of business"; that he had given directions by which a number of men began on that day "to pack the goods, wares, and merchandise in the place of business belonging to defendant," and that "part of said goods," when so packed, "were removed by express wagons hired by the defendant, and taken to places unknown to this plaintiff." That plaintiff had sought defendant in every place where he "was apt to be found," but failed to find him; and was informed by defendant's employees that he had gone away, and they did not expect to see him again, nor know where he had gone.

That within the sixty days next prior to the making of the

affidavit a fire had destroyed part of the defendant's goods in his place of business, for which defendant had received some three thousand dollars for insurance thereon; that since the fire defendant had been holding daily auction sales of his goods, and endeavored in every way to convert them into cash; that defendant "is possessed of a large sum of money in ready cash, to wit, in the neighborhood of three thousand dollars gold coin of the United States, and is concealing himself and intends to, and if not prevented by this honorable court, will escape from the state of California with said moneys, and thus defraud and cheat plaintiff."

It is quite apparent that these facts do not bring the case within either of the provisions of the statute relied on by respondent. Very clearly do they fall short of showing that "defendant is about to depart from the state with intent to defraud his creditors." No such purpose or intent is expressly asserted, nor are facts stated from which such deduction may be made. That defendant "will escape from the state," and thus "defraud and cheat this plaintiff," is not the equivalent of the statutory requirement that he "is about to depart from the state with intent to defraud his creditors." Both the present purpose and the specific intent found in the language of the statute are wanting in that of the affidavit. When the language of such a statute is departed from, the party must at his peril employ words of equivalent import; and a failure in this respect is fatal. (Drake on Attachment, sec. 8; *Jackson v. Burke,* 4 Heisk. 610.) Moreover, the statement that defendant "will escape from the state," etc., is the mere statement of the conclusion or belief of the affiant, and without a statement of the facts from which such conclusion is drawn, or upon which the belief is founded, is not evidence upon which the court is at liberty to act in such a case. (*Burrichter v. Cline,* 3 Wash. 135; *Thompson v. Best,* 21 N. Y. St. Rep. 103; 4 N. Y. Supp. 229.) "Where, in a civil action, the plaintiff desires, so to speak, to enforce his claim at the outset by arrest and imprisonment of the defendant—in other words, to have execution before obtaining judgment—it is not too much to ask him to present such evidence as alone would be receivable upon the trial of the action to justify an ordinary judgment for money." (*Markey v. Diamond,* 20 N. Y.

Supp. 847; 1 Misc. Rep. 97.) In fact, it was not seriously contended at the argument by respondent that the affidavit was sufficient in this respect.

But the affidavit is equally wanting in facts to show that defendant had removed or disposed of his property, or was about to do so, with intent to defraud his creditors. It nowhere states that any act done in removing or disposing of his goods was with fraudulent intent; nor does it, in our judgment, show a "removal" within the meaning of the statute. It is very evident, as contended by petitioner, that the removal or disposition contemplated is a taking or attempting to take the goods or property without the reach of the process or jurisdiction of the court, either territorially or by concealing or disposing of them where they cannot be found; since, if the property remains subject to attachment, the extraordinary remedy by arrest may not be invoked upon this ground. Here, while the statements of the affidavit would tend to show that the goods were being packed and taken from the premises, there is nothing which necessarily negatives the fact that they were being taken to some other place within the reach of an attachment; nor, in fact, that they were not being packed for delivery to the plaintiff in pursuance of petitioner's alleged promise. The averment that a part of the goods were carried away in express wagons to a place or places unknown to plaintiff is not sufficient to show fraudulent purpose. They may have been thus taken for sale or storage in perfect good faith. It does not appear that plaintiff made any effort, by inquiry or otherwise, to ascertain their destination. So with the statement that defendant had "absented" himself from his place of business. It is not stated that he had so absented himself prior to the twenty-fifth day of February, the day he was to deliver the goods, and, as the affidavit was made on that day, and it does not appear at what hour it was sworn to, there is nothing to show that defendant was thus absent more than the merest fraction of the day; nor anything but an inference from the hearsay statements of his employees to negative the idea of his return in time to keep his engagement with the plaintiff. This fact is therefore of no value as tending to show a fraudulent purpose or intent to remove or dispose of his property. These, and like statements which need not be specifi-

cally referred to, are, as suggested above, too vague, general, and indefinite from which to deduce that specific intent of fraudulent purpose which is the basic element upon which the right given by the statute rests, and which must be made clearly to appear before the remedy may be invoked. It is not enough to assert such fraudulent intent in general terms. Like the statement or proof of a cause of action for fraud, the specific facts relied on must be shown, that the court itself may deduce the fraud, and not leave the question of the sufficiency of his facts to be passed upon by the party. (*Morris v. Talcott,* 96 N. Y. 107.) If this is so in cases not involving the liberty of the citizen, *a fortiori* is it demanded in a proceeding such as this. Otherwise the party is constituted the arbiter of his own rights.

There is another fatal defect common to the entire affidavit. Several of the statements of fact are made expressly upon information and belief, while many others, although not so stated in terms, are of a character which could in their nature only have been so made, whereas the facts upon which such information and belief are founded are in no instance given. In this the affidavit fails to comply with one of the express and most material requirements of the statute. (Code Civ. Proc., sec. 481.)

As the jurisdiction to issue the warrant rests upon the affidavit, it results from what has been said that the order of arrest was void, and the warrant is no authority for petitioner's detention. Petitioner must therefore be discharged.

It is so ordered.

Harrison, J., Henshaw, J., Garoutte, J., McFarland, J., and Temple, J., concurred.