(38 Misc. Rep. 246.)

## TAYLOR v. SIMPKINS.

(Supreme Court, Special Term, New York County. June, 1902.)

1. MORTGAGE NOTE—ACTION AGAINST GUARANTOR—MERGER—CANCELLATION OF JUDGMENT.

The holder of a mortgage note on lands in another state recovered judgment in New York against a guarantor of the payment of the note. *Held*, that the remedy of the holder against the maker and his land was merged in the judgment, and where such holder foreclosed his mortgage, and bought in the property covered by it at a price which covered the debt, the guarantor was entitled to maintain an action in New York to have the judgment against him canceled.

**2. SAME—INTEREST.**

Where a judgment is recovered against the guarantor of a mortgage note secured on property in another state, he is liable to the mortgagee for the amount of such judgment and 6 per cent. interest up to the time of a foreclosure sale of such land, and not for interest at the rate of 12 per cent.,—the legal rate of such other state.

Action by William H. Taylor against William H. Simpkins to cancel two judgments of record. Judgment for plaintiff.

Coleman & Donohue (C. W. Coleman, of counsel), for plaintiff.
George H. Pettit, for defendant.

CLARKE, J. The plaintiff is the guarantor of a note for $10,000 made in Kansas, and secured by a mortgage on land in that state. The note was not paid, and the holder thereof, the present defendant, brought action in this court against this plaintiff, in which plaintiff's guaranty was held to be a guaranty of payment, and judgment was entered thereon June 4, 1894, for $10,950 and $401 costs, and affirmed November 28, 1894, with $97.40 additional costs. This action is brought to have canceled of record these two judgments, now standing on the docket of New York county. On the trial a motion to dismiss the complaint was made on the ground that the plaintiff has not complied with the requirements of section 1261 of the Code of Civil Procedure. The motion must be denied. That section does not limit the power of this court to direct the satisfaction of a judgment upon proper grounds being shown, but merely directs that a judgment creditor, under the conditions therein described, must execute a certificate of satisfaction. The only question presented in this case is whether these judgments against this plaintiff have been paid, and it is proper to bring action to determine such controversy. Van Etten v. Hasbrouck, 4 N. Y. St. Rep. 803. Subsequent to the entry of the judgments against this plaintiff as a guarantor, judgment of foreclosure of the mortgage was entered in the state of Kansas by this defendant against the principal debtor, the maker of the note. The indebtedness on the note was thereby fixed at $13,200. The land was sold for $14,000 to this defendant, a deed thereof executed April 17, 1896, and a receipt signed April 20, 1896, by this defendant for $14,000, less the costs of foreclosure and taxes due on the premises. The deed was not delivered until 18 months after its execution.

The defendant contends that the indebtedness of the plaintiff as guarantor is the amount found due in the Kansas foreclosure, with the legal rate of 12 per cent. interest thereon to the date of the delivery of the deed, amounting to $16,860.80. He concedes a credit of $14,000, minus $918.92 (being $126.05, the costs of foreclosure, and $792.87, taxes on the property), or $13,081.08, and claims a balance of $3,779.72 as due by this plaintiff on his guaranty. The plaintiff contends that his only liability was upon the judgments entered in the state of New York against him as guarantor, and the interest thereon at 6 per cent. to April 20, 1896, the date of the defendant's receipt, amounting to $12,728.71; that even conceding he is chargeable with the costs of foreclosure, and that the taxes paid were all liens upon the property at the time of the sale, the defendant has been

fully paid by the principal, inasmuch as he admits having received $13,081.08 (being said sum of $14,000, less $918.92 costs and taxes); and that, as there is nothing due from him to the defendant, the judgments against him as guarantor should be satisfied of record. Had the defendant first brought action against the principal in Kansas, and collected what he could by foreclosure, his contention that the guarantor would be liable for any deficiency remaining due under the laws of Kansas would prevail. But he has elected to first bring his action on the guaranty of payment, and obtained a money judgment thereon in this state, and thereafter brought his action of foreclosure against the principal in Kansas. "A cause of action is merged in a judgment rendered upon it, not only for the reason that a judgment is of a higher nature, but because it would be vexatious to the one party, and of no benefit to the other, to permit the recovery of two judgments against the same person for one debt." Gray v. Bicycle Co., 167 N. Y. 348, 60 N. E. 663, 82 Am. St. Rep. 720. The plaintiff's liability was therefore fixed by the judgment rendered against him on his contract of guaranty. It is a well-recognized rule of law that payment of the debt by the principal discharges the surety from liability on his contract. A surety is entitled to the same rights after judgment has been rendered against him as before, and any action on the part of the creditor which would have released the surety before judgment will equally release him afterward. Bangs v. Strong, 4 N. Y. 315; Webb v. Dickinson, 11 Wend. 62. Had the guarantor paid the judgments against him, he would have been entitled to be subrogated to the rights of the creditor, and to foreclose the mortgage for his indemnity. Mathews v. Aikin, 1 N. Y. 595; Clason v. Morris, 10 Johns. 524; Humphrey v. Hayes, 94 N. Y. 594. The money realized on the foreclosure of the mortgage securing the note guarantied by this plaintiff must be applied to the satisfaction of the note. Bank v. Moore, 112 N. Y. 543, 20 N. E. 357, 3 L. R. A. 302, 8 Am. St. Rep. 775. If the sum realized by the creditor on the foreclosure against the principal debtor was in excess of the judgments entered against this plaintiff on his guaranty, and interest thereon at 6 per cent. to the date of their payment, together with the cost of collecting the same, these judgments must be satisfied of record. It is not disputed that the land was bought in by the creditor for $14,000; that on April 20, 1896, the creditor executed a receipt for $14,000, less the costs of foreclosure and certain taxes; and it is agreed that such costs and taxes do not exceed $918.92. In other words, the land was taken by the creditor in lieu of $13,081.08 net, after all taxes and costs of foreclosure were paid.

It appears that the deed was not actually delivered until some 18 months after its execution, and the defendant contends that he is entitled to interest on the judgments against this plaintiff until the actual delivery of the deed, as the date of such delivery was the date of payment by the principal. As it appears that the purchase money was receipted for at the time of the sale, the contention cannot be sustained. Had a third party bought the property and paid the sheriff, who thereupon paid the mortgagee and took his receipt, it is clear that the date of such payment to the mortgagee would be the date of

payment by the principal of his obligation to the creditor. Any post-ponement in the delivery of the deed would only affect the sheriff and the third party purchasing. The fact that the mortgagee himself bid in the property does not alter the situation. Upon the mortgagee's executing a receipt to the sheriff on April 20, 1896, he acknowledged receiving a payment as mortgagee, and any questions subsequently arising concerning the delivery of the deed were between him as purchaser and the sheriff.

As the sum of $13,081.08 credited to the defendant is in excess of $12,728.17, being the amount of the judgments previously entered against the plaintiff as guarantor, together with the interest thereon to the date of payment, these judgments may be satisfied of record, but without costs. Settle order on notice.

Ordered accordingly.