[Crim. No. 38.   First Appellate District.—January, 27, 1906.]

## Ex Parte ERNEST B. HOWITZ, on Habeas Corpus.

ORDER OF ARREST IN CIVIL ACTION—FRAUD COMMITTED ABROAD BETWEEN ALIENS—REMEDY UNDER LAW OF FORUM.—An order of arrest in a civil action brought in this state, made for fraud of the defendant in incurring the obligation, is part of the remedy allowed to the plaintiff by the law of this state, although the cause of action arose between aliens at Shanghai, China, and the fraudulent acts set up as warranting the arrest were committed there, and though neither of the litigants are citizens or residents of this state.

ID.—CAUSE OF ACTION—ASSUMPSIT—DELIVERY OF FOREIGN COINS—PROMISE TO PAY ON DEMAND—DEMAND BY SUIT.—The complaint on which the order of arrest was founded, in the ordinary form of indebitatus assumpsit, alleging an indebtedness of defendant to plaintiff in a sum stated for certain Chinese coins delivered to defendant by plaintiff of the value of said sum, "which sum the defendant undertook and agreed to pay to plaintiff on demand," states a cause of action, though it alleges no demand before suit. The bringing of the suit was a sufficient demand upon the defendant.

ID.—SUFFICIENCY OF AFFIDAVIT FOR ARREST—COPY OF COMPLAINT ATTACHED.—Where the affidavit for arrest was sufficient in other respects, and there was attached to it a copy of the complaint, and the affiant makes oath that the allegations therein are true, it fully

complies with the requirement of the law that it must appear from the affidavit that a cause of action exists.

ID.—FRAUD IN CONTRACTING DEBT, HOW SHOWN.—The fraud of the defendant in contracting the debt need not be alleged in the complaint, but may be set forth in the affidavit for the arrest required by section 481 of the Code of Civil Procedure. It is sufficient under that section that the affidavit sets forth the fraud upon information and belief, where the facts are stated upon which the information and belief are founded.

ID.—SUFFICIENCY OF SHOWING.—An affidavit for arrest stating that defendant on or about a certain date presented a forged check to plaintiff at Shanghai, China, and obtained thereon 9,780.50 taels, of the value of $6,260, and shortly afterward took passage under an assumed name for America, is sufficient to show that the money was fraudulently obtained, and to justify the arrest of the defendant in a civil action against him in this state.

APPLICATION for writ of *habeas corpus* to the sheriff of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Wal. J. Tuska, for Petitioner.

Chas. P. Eells, for Respondent.

HALL, J.—Petitioner is in custody under an order of arrest issued in a civil action. The suit is pending in the superior court of the city and county of San Francisco, this state, but it appears from the affidavit upon which the order was made that the cause of action arose at Shanghai, China, and the fraudulent acts set up as warranting the arrest were committed there, and neither of the litigants are citizens or residents of the state of California. For these reasons it is contended that petitioner is not liable to arrest in a civil suit brought in this state.

This contention cannot be sustained. The right to arrest a defendant in a civil action is a part of the remedy accorded the plaintiff. "The form of remedies and the order of judicial proceedings are to be according to the law of the place where the action is instituted, without any regard to the domicile of the parties, the origin of the right, or the country of the act." (Story on Conflict of Laws, sec. 558.)

2 Cal. App.—48

Again, the same author, in section 571, lays down the same rule with particular regard to the right of arrest. To the same effect are *Claflin* v. *Frenkel,* 29 Hun (N. Y.), 288; *Brown* v. *Ashbrough,* 40 How. Pr. (N. Y.) 226; *City Bank* v. *Lumley,* 28 How. Pr. (N. Y.) 397; *Gosline* v. *Place,* 32 Pa. St. 520. The only case cited by petitioner in support of his contention—*Blason* v. *Bruno,* 33 Barb. (N. Y.) 520, 21 How. Pr. 112 (a decision by a single judge at chambers)—has since been overruled in *Claflin* v. *Frenkel, supra.* As appears by the copy of the complaint attached to the affidavit for the arrest of defendant, the complaint is in the ordinary form of *indebitatus assumpsit,* alleging an indebtedness of defendant to plaintiff in the sum of $6,260 for certain Chinese coins delivered to defendant by plaintiff of the value of $6,260, "which sum the defendant undertook and agreed to pay plaintiff at any time thereafter on demand." It is not alleged that any demand for payment has ever been made upon defendant, and for this reason it is urged that the affidavit does not show the existence of a cause of action, and that, therefore, the order of arrest is void. (Code Civ. Proc., sec. 481.) It is well established that a promissory note payable on demand is due at once, and no demand is necessary before suit, the suit itself being a sufficient demand. (*Ziel* v. *Dukes,* 12 Cal. 482; *Cousins* v. *Partridge,* 79 Cal. 224, [21 Pac. 745]; *O'Neil* v. *Magner,* 81 Cal. 633, [15 Am. St. Rep. 88, 22 Pac. 876]; *Jones* v. *Nicholl,* 82 Cal. 32, [22 Pac. 878].) In *Halleck* v. *Moss,* 22 Cal. 278, the same rule was held to apply to ordinary contracts for the payment of money when the action is brought against the principal debtor. The correctness of the rule laid down in *Halleck* v. *Moss, supra,* is recognized in *Pierce* v. *Whiting,* 63 Cal. 543, where it is held that a demand is necessary before suit where the action is against a surety. *Mullally* v. *Townsend,* 119 Cal. 47, [50 Pac. 1066], cited by petitioner, was also an action against a surety. Under the rule laid down in *Halleck* v. *Moss, supra,* it was not necessary in this case to aver a demand, as the bringing of the action is a sufficient demand. It is urged that it does not appear from the affidavit that a cause of action exists, for the reason that the facts constituting the cause of action are not set out in the affidavit.

Before an order of arrest can be made it must appear by affidavit that a sufficient cause of action exists (Code Civ. Proc., sec. 481). In this regard the affidavit states "that a copy of the verified complaint in this action filed to-day is hereto annexed and made a part of this affidavit; and that the cause of action therein set forth exists in favor of the plaintiff and against said defendant, and affiant avers that the allegations contained therein are true." A copy of the complaint was attached to the affidavit, stating a cause of action in *indebitatus assumpsit*. In *McGilvery* v. *Morehead,* 2 Cal. 607, it was said that it is insufficient to refer to the complaint to show what the affidavit ought itself to disclose, although it is positively averred that such complaint is true; but in this case a copy of the complaint was not attached to the affidavit; and as the statute then required, as it does now, that a copy of the affidavit, together with a copy of the order, should be served upon the defendant when arrested, the purpose of the law would not be complied with by a reference to a document on file simply in the clerk's office. In *Ligare* v. *California S. R. R. Co.,* 76 Cal. 610, [18 Pac. 777], it was held that an affidavit for the publication of summons could refer to a complaint and adopt its contents so as to make them a part of the affidavit. It is there said: "The affidavit could refer to any document on file, and adopt its contents. In such case the oath to the affidavit is an oath to the truth of the document referred to. The affidavit here did refer to the original complaint and adopt its contents, and this complaint stated a cause of action. *The fact that a cause of action existed, therefore, appeared from the affidavit.*" (The italics are ours.) If the fact that a cause of action existed appears from the affidavit in the case just cited, it equally so appears in the case now before us. A copy of a promissory note attached to a complaint and referred to in the body of the complaint was held to form a part of the complaint in *Ward* v. *Clay,* 82 Cal. 502, [23 Pac. 50, 227]. The general language used in *McGilvery* v. *Morehead,* 2 Cal. 607, must be read in the light of the facts of that case, which were that no copy of the complaint was annexed to the affidavit. In that case neither the judge nor the defendant, by an examination of the affidavit, could determine whether or not a cause of action existed, or what facts were alleged as constituting the cause

of action. Thus the object of the statute in requiring a copy of the affidavit to be served on the defendant when arrested was frustrated in that case.

But in the case at bar a copy of the complaint is annexed to the affidavit, and the affiant makes oath that the allegations contained therein are true. We think that this fully complies with the requirements of the law that it must appear from the affidavit that a cause of action exists, Whether or not the fact that the complaint filed in this action contains no charge that defendant was guilty of a fraud in contracting the debt, for which the action is brought, renders the order of arrest void, presents the most serious question in this matter, and one about which, it must be confessed, different views may reasonably be entertained.

Section 479 of the Code of Civil Procedure provides in what cases the defendant may be arrested. The section is divided into four subdivisions, each subdivision specifying one or more classes of cases in which the defendant may be arrested. The right to arrest in this case is claimed under the provisions of subdivision 4, which is as follows: Section 479: "The defendant may be arrested as hereinafter prescribed, in the following cases: . . . (4) When the defendant has been guilty of a fraud in contracting the debt or incurring the obligation for which the action is brought"; and, of course, the facts authorizing a proceeding for arrest must have existed at the time the complaint was filed. Within the provisions of the section, however, are many cases where the acts justifying the arrest may be committed after the action is commenced. Section 480 of the Code of Civil Procedure provides that "an order for the arrest of the defendant must be obtained from a judge of the court in which the action is brought." The following section (481) provides that "the order may be made whenever it appears to the judge, by the affidavit of the plaintiff or some other person, that a sufficient cause of action exists, and that the cause is one of those mentioned in section four hundred and seventy-nine. The affidavit must be either positive, or upon information and belief, and when upon information and belief it must state the facts upon which the information and belief are founded." Thus it is seen that the procedure for obtaining the order of arrest is the same whether the acts consti-

tuting the ground for arrest were committed before or after the action was commenced. In the latter case it is certain that the order may be issued on the affidavit, although the complaint does not aver any grounds for an arrest; and as no different rule is laid down where the fraudulent acts are committed before the complaint is filed it is difficult to see why the court should by construction enforce a different rule in the one case from the other. In either case before final judgment the court has jurisdiction to allow the issue of fraud to be presented by amendment or supplemental pleadings.

Although it has been determined in this state that no judgment of imprisonment can be rendered unless the issue of fraud is presented by the pleadings (*Matoon* v. *Eder,* 6 Cal. 58; *Davis* v. *Robinson,* 10 Cal. 411), it has never been held that the complaint must charge fraud before mesne process for arrest may be issued. The action in *Matoon* v. *Eder* was upon the bail bond given by the defendant, who had been arrested on mesne process in an action for debt where no fraud was alleged in the complaint. The affidavit which did set out the fraud was held to be sufficient to warrant the arrest, although it was held that the bail were discharged, as no final judgment of imprisonment was rendered. No point was made that the arrest was illegal because no charge of fraud was made in the complaint. In *Davis* v. *Robinson,* defendant was arrested on an order issued on an affidavit charging fraud, although the complaint made no such charge. No point was made as to the regularity of the arrest on mesne process; but as the complaint charged no fraud, it was held that no judgment of imprisonment could be enforced. In New York, it has been determined that, prior to 1879, when the statute was so amended as to expressly require the complaint to charge the fraud in a case such as is now before us, it was not necessary to charge the fraud in the complaint in order to arrest defendant on mesne process. (*Humphrey* v. *Hayes,* 94 N. Y. 594; *Bowery Nat. Bank* v. *Duryee,* 74 N. Y. 491; *Sloane* v. *Livermore,* 14 Hun, 29; *Taylor* v. *Faas,* 14 Hun, 166.) In *Baxter* v. *Drake,* 85 N. Y. 502, an appeal had been taken from an order denying a motion to vacate an order of arrest made in an action on a judgment obtained in a foreign state. The order of arrest had been issued on an affidavit that set out fraud in the matter for which the judgment

had been obtained. It was held the arrest was lawful. In *Taylor* v. *Faas*, 14 Hun, 166, it is held that in an action upon contract, it is not necessary to authorize the court to grant an order of arrest on account of fraud in the contracting thereof, that the facts upon which such order is granted should be stated in the complaint.

The provisions of our code on the subject of arrest upon mesne process are quite similar to the New York statute under which the decisions above cited were rendered. We are of the opinion that the jurisdiction to issue an order of arrest depends upon the affidavit required by section 481 of the Code of Civil Procedure, and such order is not void because the complaint does not charge the fraud relied on in the affidavit. We think that it sufficiently appears from the affidavit that the petitioner was guilty of fraud in incurring the obligation sued on. While the matters tending to show fraud are stated on information and belief, the source of the information is stated as the law requires.

It fairly appears from what is stated in the affidavit that defendant, on or about November 11, 1905, presented a forged check to plaintiff at Shanghai, and obtained thereon 9,780.50 taels of the value of $6,260, and shortly afterward took passage under an assumed name for America. These facts certainly justify the conclusion that the money was fraudulently obtained.

The petitioner is remanded.

Harrison, P. J., and Cooper, J., concurred.