(78 Misc. Rep. 256.)

CHICAGO VARNISH CO. v. HARGOOD REALTY & CONST. CO. et al.

(Supreme Court, Appellate Term, First Department.   November 12, 1912.)

JUDGMENT (§ 897\*)—DISCHARGE—RECORD.

> Where an indorsee of a note obtained a judgment against the payee alone on his indorsement, and then assigned it to the maker, the judgment must be discharged of record, as a transfer of the note to the maker would discharge the liability of the payee as indorser; the judgment not changing the position of the parties as maker and indorser.
>
> [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1713; Dec. Dig. § 897.\*]

Appeal from City Court of New York, Special Term.

Action by the Chicago Varnish Company against the Hargood Realty & Construction Company and others. From an order denying the motion of defendant Vincent Borea, trading as the Borea Contracting Company, to vacate a judgment taken against him by plaintiff and assigned to defendant Hargood Realty & Construction Company, he appeals. Reversed, and judgment discharged.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Peirce & Hulbert, of New York City (William J. Lewis, of New York City, of counsel), for appellant.

Samuel Bitterman, of New York City, for respondent.

PAGE, J. The Hargood Realty & Construction Company made a promissory note to the order of Vincent Borea, which was indorsed by Harry Goodstein and delivered to Borea for value. Borea indorsed the note and delivered it to the Chicago Varnish Company. The note was not paid at maturity and was duly protested. The action was brought against the maker and two indorsers to recover the amount due thereon. The defendant Borea did not appear in the action, but the Hargood Realty & Construction Company, the maker of the note, and Harry Goodstein, the indorser prior to Borea, each appeared and served answers. It does not appear from the appeal papers what disposition was made of the issues raised by the answers—whether they were tried, the actions severed, or discontinued as to the answering defendants. Judgment was entered against Borea by default for $545.97. No judgment was ever entered either against the Hargood Realty & Construction Company or Goodstein. The judgment against Borea was assigned by the plaintiff to the Hargood Realty & Construction Company, whereupon Borea moved at Special Term, Part 1, to vacate, cancel, and set aside the judgment, on the ground that its assignment to the maker of the note, who is primarily liable for the debt, is equivalent to a payment of the judgment. His motion was denied, and from the order denying it this appeal is taken.

It is clear, as a proposition of law, that, if the note itself had been sold or transferred in any manner to the Hargood Realty & Construction Company, the liability of the defendant Borea, by reason

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of his indorsement, would have been discharged; but it is argued by the respondent that the note is now completely merged in the judgment, that the former position of the parties as maker and indorser is changed, that as judgment was only entered against Borea he is the only person liable thereon, and that the Hargood Realty & Construction Company, though before judgment the party liable primarily for the payment of the debt, is now as by magic transformed into a complete stranger to the transaction, who may pay the judgment, take an assignment of it, and proceed against the debtor, his former payee, to enforce it. We do do not so understand the law. The true application of the doctrine of merger in such cases is clearly and ably stated by the Court of Appeals in Clark v. Rowling, 3 N. Y. 216, 53 Am. Dec. 290, as follows:

"It is true that the notes as evidence of an indebtedness, were merged in the judgment, which, being greater security, operated to extinguish the lesser; but does it therefore follow that the judgment to all intents became a new debt, and that the merger or extinguishment of the notes was so complete as that, for the purpose of protecting the defendants in an equity connected with their original indebtedness, we may not look behind the judgment and see upon what it was founded. A judgment, instead of being regarded strictly as a new debt, is sometimes held to be merely the old debt in a new form, so as to prevent a technical merger from working injustice."

The language of the Court of Appeals applies with peculiar aptness to the facts of this case. The liability of Borea on his indorsement is that of surety only. As against the Hargood Realty & Construction Company, he is entitled to full indemnity for any payment he is compelled to make on account of the note, whether his payment be of the note itself or of a judgment entered upon it. In Taylor v. Simpkins, 38 Misc. Rep. 246, 77 N. Y. Supp. 591, the learned Special Term, in a similar case, said:

"A surety is entitled to the same rights after judgment has been rendered against him as before, and any action on the part of the creditor which would have released the surety before judgment will equally release him afterward."

If judgment on this note, instead of being taken against Borea alone, had also been entered against the Hargood Realty & Construction Company there would be no question but that a payment by the Hargood Realty & Construction Company, or an assignment to them, would have discharged Borea. The mere fact that the plaintiff failed to pursue his full remedy does not change the relations of these parties. Behind this judgment there is a single debt, for which the respondents are primarily liable. If the appellant should pay the debt to the respondents, he would immediately have a right of action against them to recover back what he had paid. Such an absurdity the law will not countenance.

The order appealed from should be reversed, with $10 costs and disbursements to the appellant, and the judgment should be discharged of record. All concur.